1   JEFFREY D. WOHL (Cal. State Bar No. 96838)
    LAURA N. MONFREDINI (Cal. State Bar No. 221153)
2   JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
3   55 Second Street, 24th Floor
    San Francisco, California  94105
4   Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
5   jeffwohl@paulhastings.com
    lauramonfredini@paulhastings.com
6   jeffmichalowski@paulhastings.com

7   Attorneys for Defendant
    United Way of the Bay Area

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12   GEORGE CHEN,                        No.

13              Plaintiff,               **NOTICE OF REMOVAL OF CIVIL ACTION
                                         UNDER 28 U.S.C. §1441(b) (FEDERAL
14        vs.                            QUESTION)**

15   UNITED WAY OF THE BAY AREA and,     (San Francisco Superior No. CGC-07-462789)
     and DOES 1-10 inclusive,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 56273249.3

1    To the Clerk of Court, plaintiff George Chen, and plaintiff's attorneys of record:

2    PLEASE TAKE NOTICE that on May 29, 2007, defendant United Way of the Bay Area

3    ("United Way" or "UWBA") removed this action from the Superior Court of California in and for the

4    City and County of San Francisco (the "Superior Court") to this Court, based on federal question

5    jurisdiction under 28 U.S.C. sections 1331 and 1441(b) and the Court's supplemental jurisdiction under

6    28 U.S.C. section 1367.  In support of removal, United Way alleges as follows:

7    1.    On April 26, 2007, plaintiff George Chen commenced a civil action in the Superior Court

8    entitled "*George Chen, Plaintiff,* v. *United Way of the Bay Area and Does 1-10, Inclusive, Defendants,*"

9    Case No. CGC-07-462789 (the "Action").  True copies of plaintiff's Verified Complaint for Wrongful

10   Termination in Violation of Public Policy and Libel (the "Complaint" or "Cmplt."), the summons issued

11   on the Complaint, and all other court papers received from plaintiff, are attached as Exhibit A to this

12   notice.  The allegations of the Complaint are incorporated into this notice by this reference without

13   necessarily admitting the truth of any of them.

14   2.    On May 11, 2007, service of process of the summons and Complaint was effected on

15   United Way.  Accordingly, this notice of removal, filed within 30 days of the date that service was

16   effected, is timely pursuant to 28 U.S.C. section 1446(b).

17   3.    Plaintiff names no other defendant in the Complaint, and United Way is informed and

18   believes and on that basis alleges that no other defendant has been served with process in this action.

19   4.    Notice of this removal is being given to both plaintiff and the Superior Court pursuant to

20   28 U.S.C. section 1446(d).

21   5.    Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because

22   the Superior Court is located within this District.

23   6.    Plaintiff's First Cause of Action in the Complaint is for "Termination in Violation of

24   Public Policy."  As the grounds for his First Cause of Action (*see* Cmplt., ¶ 18), plaintiff makes the

25   following allegations:

26   a.    Plaintiff was employed by United Way beginning on or about May 16, 2001, as

27   its Chief Financial Officer.  Cmplt., ¶ 7.

28   ///

b.    In the course of his employment with United Way, plaintiff identified "serious instances of negligence" in United Way management. Cmplt., ¶ 9.

c.    Plaintiff also identified "numerous instances of improper financial management and reporting" and he "refused to sign off on UWBA's financial statements until" the statements were accurate. Cmplt., ¶¶ 10, 12.

d.    "Plaintiff identified to UWBA management payments to union officials that were improper uses of UWBA funds. In particular, UWBA made payments to and for the benefit of purported employees who performed no actual work for UWBA. When Plaintiff pointed out this practice to UWBA management, UWBA management responded by attempting to create job descriptions for these individuals in order to make a false record of services performed by them." Cmplt., ¶ 11.

e.    "[In July 2006], Plaintiff approached the labor representatives about reducing clearly improper payments for rent for union officials at offices at union headquarters. Such payments are unlawful under the Labor Management Relations Act." Cmplt., ¶ 15.

f.    "On August 26, 2006, [plaintiff] was terminated on the basis that he had created a 'hostile work environment' because 'people were intimidated.'" Cmplt., ¶ 16.

g.    "The true reason for [plaintiff's] termination was his refusal to allow or sign off on improper financial reporting and his questioning of financial practices that were improper or unlawful…" Cmplt., ¶ 17.

h.    "It is the public policy of California provided for in California Corporations Code § 6812 and elsewhere that charitable non-profit corporations engage in accurate financial reporting and that they handle donor's funds with care and in a manner calculated to achieve the best use of donor's funds. Officers and directors are charged with ensuring that financial reports regarding the financial condition of the corporation are not willfully false or exaggerated in order to induce contributions." Cmplt., ¶ 19.

i.      "It is the public policy of the United States of America that no employer or other person provide payments to union or union officials except payments for services rendered as an employee."  Cmplt., ¶ 20.

j.      "Plaintiff was terminated because he insisted on actions that complied with the public policies provided for in paragraph 19 above and because he opposed actions that violated the public policy provided in paragraph 20 above."  Cmplt., ¶ 21.

k.      "The actions complained of constitute termination in violation of the Public Policy of the State of California."  Cmplt., ¶ 22.

7.      Section 8(a)(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(2), makes it an unfair labor practice for an employer to, *inter alia*, "contribute financial or other support" to any labor organization.

8.      Section 8(b)(6) of the NLRA, 29 U.S.C. § 158(b)(6), makes it an unfair labor practice for a labor organization or its agents "to cause or attempt to cause an employer to pay or deliver or agree to pay or deliver any money or thing of value, in the nature of an extraction, for services which are not performed or not to be performed."

9.      Section 302(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 186(a), reads as follows:

(a)     Payment or lending, etc., of money by employer or agent to employees, representatives, or labor organizations

It shall be unlawful for any employer or association of employers or any person who acts as a labor relations expert, adviser, or consultant to an employer or who acts in the interest of an employer to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value—

(1)     to any representative of any of his employees who are employed in an industry affecting commerce; or

(2)     to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, any of the employees of such employer who are employed in an industry affecting commerce; or

(3)     to any employee or group or committee of employees of such employer employed in an industry affecting commerce in excess of their normal compensation for the purpose of causing such employee or group or

committee directly or indirectly to influence any other employees in the exercise of the right to organize and bargain collectively through representatives of their own choosing; or

(4)     to any officer or employee of a labor organization engaged in an industry affecting commerce with intent to influence him in respect to any of his actions, decisions, or duties as a representative of employees or as such officer or employee of such labor organization.

10.     United Way denies that it engaged in any conduct that violated section 8(a)(2) or 8(b)(6) of the NLRA or 302(a) of the LMRA or that it terminated plaintiff's employment on account of his objection to any conduct that violated section 8(a)(2) or 8(b)(6) of the NLRA or 302 of the LMRA.

11.     Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction simply by casting in state law terms a claim that actually is based on federal law.  *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) (if "substantial, disputed question of federal law is necessary element" of a state law claim, federal court has jurisdiction); *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003) ("The artful pleading doctrine allows courts to 'delve beyond the face of the state court complaint and find federal question jurisdiction' by 'recharacterizing a plaintiff's state law claim as a federal claim'") (quoting *Precision Pay Phones v. Qwest Comm. Corp.*, 210 F. Supp. 1106, 1112, 1113 (N.D. Cal. 2002)).

12.     Where a substantial, disputed question of federal law is a necessary element of a state-law claim, federal question jurisdiction exists.  *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) (federal question jurisdiction over state-law action to quiet title to real property upheld because "essential element" of claim was whether IRS failed to give notice of seizure of property); *Brennan v. Southwest Airlines*, 134 F.3d 1405, 1409 (9th Cir. 2004) (removal jurisdiction upheld when California Business and Professions Code section 17200 claim rested on interpretation of federal tax code); *People ex rel. Lockyer v. Dynegy Power Marketing*, 375 F.3d 831, 838 (9th Cir. 2004) (removal jurisdiction upheld for section 17200 claim which "turn[ed], entirely, upon the defendant's compliance with a federal [energy] regulation"); *Nat'l Credit Reporting Ass'n v. Experian Information Solutions*, No. C 04-01661 WHA, 2004 U.S. Dist. LEXIS 17303, at *10 (N.D. Cal., July 21, 2004) (section 17200 claim which was predicated on violation of federal antitrust claim held removable to federal court; "even if Section 17200 provides for a separate remedy for a violation of

1   the borrowed federal law, the 'unlawful' prong of Section 17200 necessarily requires a determination

2   that the borrowed federal law was violated"). *Cf. Animal Legal Defense Fund v. Quigg*, 900 F.2d 195

3   (9th Cir. 1990) (because plaintiff's cause of action, brought under Administrative Procedure Act,

4   necessarily required adjudication of validity of patent, claim arose under patent laws).

5       13.     Here, the adjudication of at least part of plaintiff's First Cause of Action requires the

6   resolution of substantial, disputed federal questions, including whether United Way's alleged payments

7   to union officials (as alleged in paragraph 11 of the Complaint) or to the union (as alleged in paragraph

8   15 of the Complaint) occurred and whether such acts violated section 8(a)(2) or 8(b)(6) of the NLRA or

9   section 302 of the LMRA. *See Gantt v. Sentry Insurance,* 1 Cal. 4th 1083, 1095 (1992) (ruling that in

10  wrongful discharge action, plaintiff must predicate his or her claim on public policies "carefully tethered

11  to fundamental policies that are *delineated* in constitutional or statutory provisions").

12      14.     As a result of the substantial, disputed federal questions under the NLRA and the LMRA

13  raised by the First Cause of Action, the Court has federal question jurisdiction over the First Cause of

14  Action, and this Action may be removed to this Court under 28 U.S.C. section 1441.

15      15.     The Court also has supplemental jurisdiction under 28 U.S.C. section 1367(a) over the

16  remaining part of the First Cause of Action (which relies on the allegation that United Way violated

17  California Corporations Code section 6812 or other unspecified state law).  Plaintiff bases his First

18  Cause of Action on all of his allegations, including those alleging public policy based on state law and

19  those alleging public policy based on federal law.  *See* Cmplt., ¶ 18.  He bases his Second Cause of

20  Action on all of his allegations in his First Cause of Action.  *See id.*, ¶ 23.  Furthermore, all of the

21  allegations in the First and Second Causes of Action are part of an alleged sequence of events leading to

22  plaintiff's termination and its aftermath.  Accordingly, those claims and allegations are "so related to

23  claims in the action within [the Court's] original jurisdiction that they form part of the same case or

24  controversy" and provide the Court with supplemental jurisdiction under 28 U.S.C. section 1367(a).  *See*

25  *also United Mine Workers v. Gibbs*, 383 U.S. 715 (1996)

26      16.     Thus, this action may be removed to this Court based on the Court's original and

27  supplemental jurisdiction.

28  ///

1     Dated:  May 29, 2007.          JEFFREY D. WOHL
                                     LAURA MONFREDINI
2                                    JEFFREY P. MICHALOWSKI
                                     PAUL, HASTINGS, JANOFSKY & WALKER LLP
3

4                                    By:  /s/ Jeffrey D. Wohl
                                              Jeffrey D. Wohl
5                                         Attorneys for Defendant
                                         United Way of the Bay Area
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-                                          NOTICE OF REMOVAL OF ACTION
                                             U.S.D.C., N.D. Cal., No. _____