# EXHIBIT A

1  DILLINGHAM & MURPHY, LLP
   WILLIAM GAUS (SBN. 054999)
2  BARBARA L. HARRIS CHIANG (SBN. 206892)
   225 Bush Street, 6th Floor
3  San Francisco, California 94104-4207
   Telephone: (415) 397-2700
4  Facsimile: (415) 397-3300

5  Attorneys for Plaintiff
   GEORGE CHEN

FILED
San Francisco County Superior Court

APR 2 6 2007

GORDON PARK-LI, Clerk
BY: Deborah Steppe
DEBORAH STEPPE, Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

SEP 2 8 2007 -9:00 AM

DEPARTMENT 212

6

7

8

9

10

11  GEORGE CHEN,

12            PLAINTIFF,

13       v.

14  UNITED WAY OF THE BAY AREA AND
    DOES 1-10, INCLUSIVE,

15

16            DEFENDANTS.

17

CASE NO. CGC-07-462789

VERIFIED COMPLAINT FOR
WRONGFUL TERMINATION
IN VIOLATION OF PUBLIC
POLICY AND LIBEL

JURY TRIAL DEMANDED

SUPERIOR COURT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

18       COMES NOW Plaintiff GEORGE CHEN ("Plaintiff") and hereby complains and

19  alleges as follows:

20                              **PARTIES**

21       1.    Plaintiff Chen is a citizen of the State of California, and is a resident of Walnut

22  Creek, California.

23       2.    Plaintiff is informed and believes that Defendant UNITED WAY OF THE BAY

24  AREA ("UWBA") is a charitable organization with its headquarters in San Francisco,

25  California.

26       3.    Plaintiff is ignorant of the true names and capacities of defendants sued herein

27  as Does and therefore sue these defendants by such fictitious names. Plaintiff will amend upon

28

1  ascertainment of true names or capacities. Plaintiff is informed and believes that the

2  fictitiously-named defendants are responsible in some manner for the occurrences herein

3  alleged, and that Plaintiff's damages as herein alleged were proximately caused by or

4  contributed to by such defendants.

5  **JURISDICTION AND VENUE**

6      4.      This Court has jurisdiction over this action. Venue is appropriate in the Superior

7  Court of California, County of San Francisco because a substantial part of the events or

8  omissions giving rise to the alleged claims in this Complaint occurred in San Francisco,

9  California.

10  **FACTS COMMON TO ALL CAUSES OF ACTION**

11      5.      Plaintiff hereby incorporates by reference paragraphs 1 through 4 of this

12  Complaint and make them part of this instant cause of action as though fully set forth herein.

13      6.      Plaintiff is an experienced financial officer, having served as Chief Financial

14  Officer to two private companies and having contributed to dramatic financial turnarounds at

15  both companies.

16      7.      Plaintiff was employed by defendant UWBA beginning on or about May 16,

17  2001, as Chief Financial Officer, reporting to Executive Director Anne Wilson ("Wilson").

18      8.      UWBA suffered, and suffers, from a reputation as an organization that has high

19  overhead due to inefficiency and negligent, self-indulgent management.

20      9.      Mr. Chen identified serious instances of negligence, including UWBA's

21  entrusting its operations and financial management to a purported "spin-off" company, which

22  was obviously incapable of performing the tasks entrusted to them. He identified to UWBA

23  management his concerns with this Company's viability, including questionable financial

24  controls and accounting practices engaged in by this purported "spin off" company, but UWBA

25  management refused to correct the situation because of longstanding business ties to the

26  management of the purported spin-off. This arrangement ended only when the purported spin-

27  off company collapsed, causing severe financial losses for UWBA.

28      10.      During his tenure, Plaintiff identified numerous instances of improper financial

PAGE 2 –VERIFIED COMPLAINT FOR WRONGFUL TERMINATION AND LIBEL

1   management and reporting. For example, UWBA management attempted to avoid reporting

2   pension plan liabilities for certain employees. UWBA was advised by outside advisers that

3   these liabilities had to be reported. Mr. Chen refused to sign off on UWBA's financial

4   statements until the liabilities were properly reported. Similarly, UWBA management

5   attempted to inflate the revenue received during its campaigns and only reported the revenues

6   properly when Mr. Chen stated he would not sign off on UWBA financial statements that

7   reported revenue properly.

8         11.    Plaintiff identified to UWBA management payments to union officials that were

9   improper uses of UWBA funds. In particular, UWBA made payments to and for the benefit of

10  purported employees who performed no actual work for UWBA. When Plaintiff pointed out

11  this practice to UWBA management, UWBA management responded by attempting to create

12  job descriptions for these individuals in order to make a false record of services performed by

13  them.

14        12.    In 2006, Plaintiff had significant disputes with UWBA management, including

15  an attempt by UWBA management to misreport revenue received. As with other attempts to

16  report revenue improperly, Plaintiff reminded UWBA management that he could not and would

17  not sign off on financial statements that were not completely accurate. In response, the

18  Executive Director of UWBA threatened to fire him. She also stated that as Executive

19  Director, she could do whatever she wanted with respect to financial reporting. Eventually,

20  consultations with outside advisors confirmed Plaintiff's view that the reporting favored by

21  UWBA management was improper.

22        13.    When Plaintiff assumed control of UWBA's finances, UWBA's unrestricted

23  reserves were approximately $8 million, which put the agency in a precarious financial

24  position. Through his efforts, UWBA's unrestricted reserves rose to over $23 million as of

25  June 30, 2006. This improvement was accomplished despite the fact that annual campaign

26  revenue declined from $59 million in FY 2000 to less than $35 million in FY 2006 due in large

27  measure to public disenchantment with UWBA's negligent, self-indulgent management.

28        14.    When UWBA's reserves showed improvement, UWBA management attempted

1    a reorganization which significantly increased the compensation of favored UWBA executives

2    and which would have increased the overhead for the agency by over 35%. Management's

3    proposed budget would be unacceptable in any organization, but was unconscionable in an

4    agency supposedly seeking to repair a reputation for inefficiency and negligent, self-indulgent

5    management which wasted donor funds. Plaintiff stated that he would not recommend the

6    budget to the Finance Committee for approval. Because of his action, the budget was revised

7    so that the increased overhead was about half of what was originally proposed.

8         15.    In July, 2006, Plaintiff returned from vacation to learn that UWBA management

9    was seeking to change the already-approved budget in order to restore the cuts in proposed

10   overhead that had been made at Plaintiff's insistence. Plaintiff pointed out that there had never

11   been midstream changes in a budget approved by the Board and that the changes proposed

12   would have restored the overhead to the level that he had refused to endorse to the Board.

13   During this same period, Plaintiff approached the labor representatives about reducing clearly

14   improper payments for rent for union officials at offices at union headquarters. Such payments

15   are unlawful under the Labor Management Relations Act.

16        16.    On August 1, 2006, Mr. Chen was suspended on the ground that there had been

17   complaints that he created a "hostile work environment." Plaintiff had never previously been

18   informed on any such complaints or any complaints about his interactions with subordinates or

19   co-workers. He was given no specifics, but was directed to leave work immediately and not to

20   contact any UWBA staff, volunteers, committee or Board members. UWBA management then

21   had an "investigation" conducted in which Plaintiff was never told what the specific

22   accusations were or asked to respond to or explain his side of any specific complaints. On

23   August 26, 2006, he was terminated on the basis that he had created a "hostile work

24   environment: because "people were intimidated."

25        17.    The true reason for his termination was his refusal to allow or sign off on

26   improper financial reporting and his questioning of financial practices that were improper or

27   unlawful. UWBA management found Plaintiff's insistence on following the law to be an

28   unwelcome interference with what management saw as their right to engage in negligent, self-

PAGE 4 –VERIFIED COMPLAINT FOR WRONGFUL TERMINATION AND LIBEL

1  indulgent management of donor's funds.

2  ## FIRST CAUSE OF ACTION
   ### (TERMINATION IN VIOLATION OF PUBLIC POLICY)

3

4      18.    Plaintiff hereby incorporates by reference paragraphs 1 through 17 of this

5  Complaint and make them part of this instant cause of action as though fully set forth herein.

6      19.    It is the public policy of California provided for in California Corporations Code

7  § 6812 and elsewhere that charitable non-profit corporations engage in accurate financial

8  reporting and that they handle donor's funds with care and in a manner calculated to achieve

9  the best use of donor's funds.  Officers and directors are charged with ensuring that financial

10 reports regarding the financial condition of the corporation are not willfully false or

11 exaggerated in order to induce contributions.

12     20.    It is the public policy of the United States of America that no employer or other

13 person provide payments to unions or union officials except payments for services rendered as

14 an employee.

15     21.    Plaintiff was terminated because he insisted on actions that complied with the

16 public policies provided for in paragraph 19 above and because he opposed actions that

17 violated the public policy provided in paragraph 20 above.

18     22.    The actions complained of constitute termination in violation of Public Policy of

19 the State of California.

20 ## SECOND CAUSE OF ACTION
   ### (LIBEL)

21

22     23.    Plaintiff hereby incorporates by reference paragraphs 1 through 22 of this

23 Complaint and make them part of this instant cause of action as though fully set forth herein.

24     24.    Plaintiff has extensive experience as a Chief Financial Operator, a Chief

25 Operating Officer and other highly responsible positions in the field of accounting and finance

26 throughout his career.  He has performed with distinction everywhere he has been employed,

27 including at UWBA.

28     25.    On or about August 26, 2006, Defendant UWBA communicated to Plaintiff that

1   he was being terminated for creating a "hostile environment."

2       26.    Defendant UWBA's explanation for terminating Plaintiff was false in that

3   Plaintiff did not create a hostile environment and it was intentionally misleading because it

4   falsely implied sexual harassment, using a phrase that is associated with sexual harassment.

5       27.    Defendant UWBA knew at the time of making these statements that the reason

6   given to Plaintiff for termination was false.

7       28.    It was reasonably foreseeable that Plaintiff would be forced to republish these

8   false statements in response to questions from prospective employers as to the reason given to

9   him for his termination.

10      29.    During Plaintiff's search for employment, Plaintiff was under a strong

11   compulsion to disclose, and in fact did disclose, to the state employment agency and executive

12   recruiters the false reasons stated by Defendant for his termination.

13      30.    As a proximate result of the above-described publication, Plaintiff has suffered

14   loss of his good business reputation, shame, mortification, and hurt feelings.

15      31.    As a further proximate result of the above-described publication, Plaintiff has

16   suffered damage in that he has been unable to secure employment and suffered loss in excess of

17   forty thousand ($40,000.000) as a result of Defendant UWBA's defamatory statements.

18      32.    The above-recited statements of Defendant UWBA were done with malice,

19   fraud, oppression, in that UWBA knew at the time of making the statements that the statements

20   were untrue, and thus Plaintiff seeks an award of punitive damages.

21                      **PRAYER FOR RELIEF**

22   WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

23      1.     For damages for lost compensation, pain and suffering;

24      2.     For punitive damages in an amount to be determined at trial;

25      3.     For interest on the sum of damages awarded, calculated from August 26, 2006 to

26             the date of judgment;

27   ///

28

1    4.    For reasonable attorneys' fees and cost of suit incurred herein, and

2    5.    For such other relief as the court deems proper.

3

4    DATED:  APRIL 26, 2007            DILLINGHAM & MURPHY, LLP
                                       WILLIAM GAUS
5                                      BARBARA L. HARRIS CHIANG

6

7                                 BY: _____
                                      ATTORNEYS FOR GEORGE CHEN
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, George Chen declare:

I am a party to this action, and I have read the foregoing Complaint for Wrongful Termination in Violation of Public Policy and Libel and know its the contents. The matters stated in the Complaint for Wrongful Termination in Violation of Public Policy and Libel are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 26, 2007 at San Francisco, California.

GEORGE CHEN

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED WAY OF THE BAY AREA AND DOES 1 THROUGH 10,
INCLUSIVE

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
GEORGE CHEN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street

San Francisco, CA 94102

CASE NUMBER
*(Número del Caso):* CGC-07-462789

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Gaus (SBN 054999)    (415) 397-2700    (415) 397-3300
Barbara L. Harris Chiang (SBN 206892)
Dillingham & Murphy LLP
San Francisco, CA 94104

DATE: APR 2 6 2007    Clerk, by Deborah Steppe    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* United Way of the Bay Area

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP 415.95 Business Organization Form Unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

> **DATE:** SEP-28-2007
>
> **TIME:** 9:00AM
>
> **PLACE:** Department 212
> 400 McAllister Street
> San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> **(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| William Gaus (SBN 054999)<br>Barbara L. Harris Chiang (SBN 206892)<br>Dillingham & Murphy LLP<br>225 Bush Street, 6th Floor<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 397-2700   FAX NO.: (415) 397-3300<br>ATTORNEY FOR *(Name):* George Chen | FILED<br>SAN FRANCISCO COUNTY<br>SUPERIOR COURT<br><br>2007 APR 26 PM 12: 20<br><br>GORDON PARK - LI. CLERK<br><br>BY: Deborah Steppe<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME: George Chen v. United Way of the Bay Area
and DOES 1 -10, inclusive

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-07-462789 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:

William Gaus (SBN 054999)
_____
(TYPE OR PRINT NAME)

►

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>☒ Plus | Cal. Rules of Court, rules 3.220, 3.400-3.403;<br>Standards of Judicial Administration, § 19 |