DILLINGHAM & MURPHY, LLP
WILLIAM GAUS (STATE BAR NO. 054999)
BARBARA L. HARRIS CHIANG (STATE BAR NO. 206892)
wg@dillinghammurphy.com
bhc@dillinghammurphy.com
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone: (415) 397-2700
Facsimile: (415) 397-3300

Attorneys for Plaintiff
George Chen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE CHEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED WAY OF THE BAY AREA,<br><br>Defendant. | CASE NO. C 07-02785 WHA<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>Date: July 26, 2007<br>Time: 8:00 a.m. |

## TABLE OF CONTENTS

**Page No.**

NOTICE OF MOTION ........ 1

RELIEF REQUESTED ........ 1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION ........ 1

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........ 1

II. FACTS ........ 2

III. ARGUMENT ........ 3

A. For Federal Jurisdiction To Exist, A Cause Of Action Must NecessarilyDepend On Resolution Of A Substantial Question Of Federal Law ........ 3

B. A Cause Of Action Does Not Necessarily Depend on Federal Law If Federal Law Will Only Resolve One Alternative Theory Of A Cause Of Action. ........ 3

C. Even If Federal Law Were The Sole Source Of Public Policy, This Invocation Of Federal Law Would Not Raise A Substantial Federal Question ........ 6

D. Defendant Has Made No Effort To Show That Removal Is Proper In This Case. ........ 8

IV. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Page No.**

***Cases***

*Animal Legal Defense Fund v. Quigg*
9th Cir. 1990) 900 F.2d 195 .......... 10

*Bakerstown Container Corporation v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers*
3rd Cir. 1989) 884 F.2d 105 .......... 8

*Barbara v. New York Stock Exchange, Inc.*
2nd Cir. 1996) 99 F.3d 49 .......... 7

*Brennan v. Southwest Airlines*
9th Cir. 1998) 134 F.3d 1405 .......... 10

*Campbell v. Aerospace Corporation*
9th Cir. 1997) 123 F.3d 1308 .......... 8

*Christianson v. Colt Industries Operating Corp.*
(1988) 486 U.S. 800 .......... 3

*Conroy v. Fresh Del Monte Produce, Inc.*
(N.D. Cal. 2004) 325 F. Supp. 2d 1049 .......... 5

*Duncan v. AI Stuetzle*
(9th Cir. 1996) 76 F.3d 1480 .......... 3, 4

*Eastman v. Marine Mechanical Corporation*
(6th Cir. 2006) 438 F.3d 544 .......... 8

*Empire Healthchoice Assurance, Inc. v. McVeigh*
(2006) ___U.S. ___; 126 S. Ct. 2121 .......... 3, 6

*Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*
(1983) 463 U.S. 1 .......... 3, 4, 10

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*
(2005) 545 U.S. 308 .......... 6, 7

*Gully v. First National Bank in Meridian*
(1936) 299 U.S. 109 .......... 3

*Hunter v. United Van Lines*
(9th Cir. 1985) 746 F.2d 635 .......... 9

*In re Circular Thermostat*
(N.D. Cal. 2005) 2005 WL 2043022 .................... 5

*Lippitt v. Raymond James Financial Services*
(9th Cir. 2003) 340 F.3d 1033 .................... 10

*Merrell Dow Pharmaceuticals Inc. v. Thompson*
(1986) 478 U.S. 804 .................... 3, 6, 7

*National Credit Reporting Association v. Experian Information Solutions*
(N.D. Cal. 2004)2004 WL 188769 .................... 10

*People ex rel Lockyer v. Dynergy Power Marketing*
(9th Cir. 2004) 375 F.3d 831 .................... 10

*Precision Pay Phones v. Qwest Communication Corp.*
(N.D. Cal. 2002) 210 F. Supp. 2d 1106 .................... 10

*Rains v. Critereon Systems, Inc.*
(9th Cir. 1996) 80 F.3d 339 .................... 4, 5, 8, 9, 10, 11

*Ultramar America Limited v. Dwelle*
(9th Cir. 1990) 900 F.2d 1412 .................... 4

*Willy v. Coastal Corp.*
(5th Cir. 1988) 855 F.2d 1160 .................... 5

***Statutes***

28 USC § 1441(b) .................... 1, 3

Labor Management Relations Act Section 302 (29 U.S.C. § 186) .................... 7

***Other Authorities***

Constitution of the United States, Article III § 2 .................... 3

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on JULY 26, 2007 at 8:00 a.m. or as soon thereafter as counsel can be heard, plaintiff GEORGE CHEN ("Plaintiff") will move for an order remanding the above-captioned case to the Superior Court of California, County of San Francisco.

**RELIEF REQUESTED**

Plaintiff requests that this Court remand the above-captioned case to the Superior Court of California, County of San Francisco on the grounds that this Court lacks jurisdiction of this complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

**I. INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff GEORGE CHEN moves to remand this case to the Superior Court of the County of San Francisco. Plaintiff's first cause of action is a state law claim of termination in violation of public policy. Plaintiff alleges that he was terminated because he 1) opposed financial reporting practices of Defendant UNITED WAY OF THE BAY AREA ("UWBA") that were in violation of state public policy requiring non profit entities to make and publish accurate financial statements and 2) because he opposed payments to individuals employed by a labor organization which violated federal law forbidding payments to such individuals. Defendant UWBA removed this case on the basis that "adjudication of at least part of plaintiff's First Cause of Action requires the resolution of substantial, disputed federal questions." Notice of Removal of Civil Action under 28 USC § 1441(b) (Federal Question) ("Notice of Removal") ¶ 13. Plaintiff's second cause of action for libel is not at issue because it makes no reference to federal law.

Plaintiff's first cause of action is not a claim "arising under" federal law for at least two reasons, each of which is, by itself sufficient to require remand.

- The United States Supreme Court has ruled more than once that where a claim may be decided on alternative grounds, the claim does not arise under federal law unless federal law is an essential element to each alternative.
- Even if federal law is a part of a state law claim, the federal issue must be a substantial issue of federal law. The Ninth Circuit has squarely ruled that a state

law claim for termination in violation of public policy does not become a federal claim merely because federal law is invoked as a source of the public policy.

The Court should remand this case to Superior Court for San Francisco.

## II. FACTS

The complaint in the instant case alleges that Plaintiff is a California resident suing a California Corporation (Verified Complaint for Wrongful Termination in Violation of Public Policy and Libel ("Comply.") ¶ ¶ 1, 2. The Complaint alleges that Plaintiff was the Chief Financial Officer of Defendant UWBA beginning in May, 2001 (Compl.) ¶ 7). Plaintiff alleges that he persistently opposed attempts by UWBA management to misreport revenue in a way calculated to mislead the public by improperly inflating its reports of the amount of revenue it was receiving while failing to report overhead expenses in order to conceal the unusually high amount of donors' dollars that were spent on overhead. Compl. ¶ ¶ 10, 12. The complaint further alleges that UWBA made payments to and for the benefit of Union officials who performed no work for UWBA. Compl. ¶ 11.

The Complaint alleges that Plaintiff was terminated on the pretext that he created a "hostile work environment," and that the true reason was his refusal to sign off on improper financial reporting and his questioning of improper expenditures. Compl. ¶ ¶ 16-17. The Complaint alleges that the termination violated the public policy of California provided for in the California Corporations Code requiring charitable non-profit organizations to provide accurate financial reporting and that they handle donors' funds with care and in a manner calculated to achieve the best use of donors' funds. Compl. ¶ 19. The complaint further states that it is the public policy of the United States of America that no employer provide payments to unions or union officials except for services rendered as an employee. Compl. ¶ 20. The Complaint alleges that Plaintiff's termination for his attempts to secure UWBA's compliance with public policy violated California law. Compl. ¶ 22. The Complaint also alleges that UWBA libeled him with its accusations of misconduct. Compl. ¶ ¶ 23-32.

///

///

## III. ARGUMENT

### A. For Federal Jurisdiction To Exist, A Cause Of Action Must NecessarilyDepend On Resolution Of A Substantial Question Of Federal Law.

The Ninth Circuit has stated that "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. [The removing party] . . . has the burden of establishing that removal was proper." *Duncan v. Al Stuetzle* (9th Cir. 1996) 76 F.3d 1480, 1485 (citations and internal quotation marks omitted).

Federal courts have jurisdiction over cases "arising under" the Constitution or laws of the United States. Constitution Art III § 2. A question arises under federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.* (1983) 463 U.S. 1, 27-28, *quoted with approval, Empire Healthchoice Assurance, Inc. v. McVeigh* (2006) ___U.S. ___; 126 S. Ct. 2121, 2131. It is equally clear, however, that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson* (1986) 478 U.S. 804, 813.

### B. A Cause Of Action Does Not Necessarily Depend on Federal Law If Federal Law Will Only Resolve One Alternative Theory Of A Cause Of Action.

The federal question must be decisive in the resolution of a claim. The claim "must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Christianson v. Colt Industries Operating Corp.* (1988) 486 U.S. 800, 808 *quoting Gully v. First National Bank in Meridian* (1936) 299 U.S. 109, 112.[1] (quotation marks omitted). In *Christianson*, the Court noted that this

[1] The *Christianson* case was decided under 28 USC § 1338(a) which gives United States District Courts jurisdiction of any civil action "arising under" federal patent statutes, but, as the Court noted "Our cases interpreting identical language in other jurisdictional provisions, particularly the general federal-question provision . . . have quite naturally applied the same test." 486 U.S. at p. 08. The *Gully* case, which the Court quoted in *Christianson* was decided under the general federal question statute. The Ninth Circuit has noted the applicability of the *Christianson* case to

requirement meant that "a claim supported by alternative theories in the complaint may not form the basis for [federal question] jurisdiction unless [federal] law is essential to each of those theories." 486 U.S. at p. 810.

The Court in *Christianson* cited the case of *Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.* (1983) 463 U.S. 1, at 26 in support of this rule, noting that the Court had there ruled that no federal question jurisdiction existed despite the possibility of a meritorious defense to a claim, based on ERISA preemption because "there are many reasons completely unrelated to the provisions and purposes of ERISA why the State may or may not be entitled to the relief it seeks. . . . Therefore, even though the Court of Appeals may well be correct that ERISA precludes enforcement of the State's levy in the circumstances of this case, an action to enforce the levy is not itself preempted by ERISA." In the same vein, the *Christianson* court assumed that the Defendant was correct in arguing that the federal question was an essential element of one of the alternative theories of a claim, but noted that "the well-pleaded complaint rule, however, focuses on claims, not theories . . ." 486 U.S. at p. 811. The *Christianson* court again cited as support the observations of the *Franchise Tax Bd.* Court which had ruled that the claim did not "arise under" ERISA even though ERISA might provide a defense to the claim because "In theory (looking only at the complaint), it may turn out that the levy was improper under state law, or that in fact the Defendant had complied with the levy." 463 U.S. at n. 29.

Lower federal courts have followed these cases, ruling that if a claim is alternatively supported by one theory involving federal law and supported by another theory based entirely on state-law, federal question jurisdiction does not exist and removal is improper. *Ultramar America Limited v. Dwelle* (9th Cir. 1990) 900 F.2d 1412, 1414. ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper."); *Rains v. Critereon Systems, Inc.* (9th Cir. 1996) 80 F.3d 339, 346 ("Where a claim can be supported by alternative and independent theories—one of which

---

other statutes containing the "arising under" language *Duncan v. Al Stuetzle* (9th Cir. 1996) 76 F.3d 1480, 1486 ("[L]inguistic consistency demands interpreting identical language in different statutes similarly.") (Quotation marks omitted).

is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."); *Duncan v. A1 Stuetzle* (9th Cir. 1996) 76 F.3d 1480, 1486 ("if a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper."); *In re Circular Thermostat* (N.D. Cal. 2005) 2005 WL 2043022, (federal question jurisdiction did not exist because, while a federal trademark issue was certain to be "a large part of the proceedings in these actions, . . . a federal question is not a necessary element of Plaintiff's state claims." 2005 WL 2043022, Slip. Op. at p. 5 (Emphasis in the original). Instead, "an alternative non-trademark theory exists. . . " *Id.*; *Conroy v. Fresh Del Monte Produce, Inc.* (N.D. Cal. 2004) 325 F. Supp. 2d 1049, 1056 (No federal jurisdiction despite assertion that Defendants committed fraud on the United States Patent and Trademark Office ("PTO") because "Plaintiff can prevail on all of her causes of action without needing to prove fraud on the PTO.")

This rule has been applied in the specific case of a Plaintiff alleging termination for violation of public policy, some of which comes from state law and some of which comes from federal law. *Willy v. Coastal Corp.* (5th Cir. 1988) 855 F.2d 1160, (Plaintiff's wrongful discharge claim "was predicated on his alleged attempts to cause his employer to comply with, or his refusal to violate, state as well as federal environmental laws and federal securities laws." 855 F.2d at p. 1169. The court concluded that "[T]he *Christianson* doctrine is properly applied to this case and results in the conclusion that Willy's wrongful discharge claim does not arise under federal law." 855 F.2d at p. 1171; *Rains v. Critereon Systems, Inc.* (9th Cir. 1996) 80 F.3d 339, 347 (quoting from *Willy* and concluding "Rains' wrongful termination action, like that of the Plaintiff in *Willy*, can be supported by an independent state theory as well as by a federal theory.")

Thus, UWBA's assertion that "adjudication of at least part of Plaintiff's First Cause of Action requires the resolution of substantial, disputed federal questions . . ." (Notice of Removal ¶ 13) is insufficient as a matter of law.

///

///

///

C. **Even If Federal Law Were The Sole Source Of Public Policy, This Invocation Of Federal Law Would Not Raise A Substantial Federal Question.**

Even if Plaintiff in this case relied on the federal statute as the sole basis for his claim of termination in violation of public policy, there would be no basis for federal jurisdiction. The Supreme Court has avoided a bright-line test of when federal jurisdiction arises from reference to a federal statute in a claim under state law, but the Court has made it clear that this is a "special and small category." *Empire Healthchoice Assurance*, *supra*, 126 S.Ct. at p. 2136. The Court has further identified important factors, all of which point to the lack of federal jurisdiction over this case.

For federal jurisdiction to exist, there should be an important, disputed issue of federal law as opposed to a fact-bound application of law to a particular case. In the case of *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing* (2005) 545 U.S. 308, relied on by UWBA, the Court concluded that the claim required an important decision on the meaning of a federal statute and the interpretive issue was "an important issue of federal law that sensibly belongs in a federal court." *Grable*, *supra*, 545 U.S. at 315. In *Empire Healthchoice*, *supra*, the Supreme Court contrasted a case like *Grable* which presented "a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous tax sale cases" (126 S.Ct. at 2137 (citation and quotation marks omitted)) with a potential federal issue that "is fact-bound and situation-specific." *Id.* In the latter case, the Court ruled, federal question jurisdiction did not exist.

A potential for enlargement of federal jurisdiction is another factor suggesting that federal jurisdiction does not exist. In the *Merrell Dow* case, *supra*, the Supreme Court noted that the federal statute did not give Plaintiff a right of action for the alleged violation of federal law and concluded that "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *Merrell Dow Pharmaceuticals Inc.*, *supra*, 478 U.S. at p. 814. The Supreme Court in *Grable* indicated that would have been reluctant to find a substantial federal question "in garden variety state tort law" (545 U.S. at p. 318, where "exercising federal jurisdiction . . . would have attracted

a horde of original filings and removal cases raising other state claims with embedded federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing* (2005) 545 U.S. 308, 318. The Court in *Grable* concluded that, in the case before it, exercising federal jurisdiction was proper because it "will portend only a microscopic effect on the federal-state division of labor." 545 U.S. at 315.

Whether the federal law invoked provides for a private right of action is an important factor in determining whether a substantial federal question exists. In the *Merrell Dow* case, *supra*, the Supreme Court expressed disapproval of finding a substantial federal question in "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation." 478 U.S. at p. 817. The Supreme Court in *Grable* clarified that the absence of a private cause of action is "relevant to, but not dispositive of," the question 548 U.S. at p. 318. *Barbara v. New York Stock Exchange, Inc.* (2d Cir. 1996) 99 F.3d 49, 54 ("The lack of a private right of action counsels against a finding of federal question jurisdiction.")

Applying the above factors to the instant case, the claim is for termination in violation of public policy, a common state law claim, much more analogous to the "garden variety" tort claim than the claim in *Grable*. The reference to federal law does not necessarily require resolution of a significant issue of law. Instead, the claim is a "fact-bound and situation-specific" application of the federal law to the facts. The federal statute in question, Section 302 of the Labor Management Relations Act (29 U.S.C. § 186)[2] does not provide any right of action for a party damaged by the violation of public policy contained in Section 302.[3] *Bakerstown Container Corporation v.*

[2] The Complaint does not specify Section 302, but it states that is against public policy to provide payments to unions or union officials except payments for services rendered as an employee. Complaint ¶ 20, which tracks the prohibitions of Section 302 (29 U.S.C. § 186 (2)).

[3] Curiously, UWBA also implies that the complaint alleges payments to a labor organization in violation of 8(a)(2) of the National Labor Relations Act and that it alleges violation of 8(b)(6) of the National Labor Relations Act which prohibits a labor organization from causing or attempting to cause improper payments. Notice of Removal ¶ ¶ 7, 8. The complaint does not allege any payments to a labor organization. It does not allege demands for payment or other actions by a labor organization causing such payments. It alleges payments to and for the benefit of individuals who were union officials. Complaint ¶ 11. Thus, no facts are alleged which constitute violation of either provision of the National Labor Relations Act. UWBA's interjection of

*International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers* (3rd Cir. 1989) 884 F.2d 105, 107 ("courts of appeals for several circuits have concluded that § 302 provides no private cause of action for damages resulting from violations of § 302.")

Because the factors determining the "substantiality" of the federal question in a case like this point in one direction only, courts have concluded that invoking federal law as the source of public policy in a wrongful termination claim does not confer jurisdiction on the federal court. *Campbell v. Aerospace Corporation* (9th Cir. 1997) 123 F.3d 1308, 1315 (Plaintiff's "incorporation of the FCA [federal False Claims Act] as the source of public policy violated did not raise a sufficiently substantial disputed question of federal law so as to confer federal-question jurisdiction."); *Eastman v. Marine Mechanical Corporation* (6th Cir. 2006) 438 F.3d 544, 553 ([R]eference in the Plaintiff's complaint to the federal statutes cited as a source of public policy does not create a substantial federal question in this case. . . . . [W]e find that accepting jurisdiction of this state employment action would be disruptive of the sound division of labor between state and federal courts envisioned by Congress.")

**D. <u>Defendant Has Made No Effort To Show That Removal Is Proper In This Case.</u>**

In the instant case, UWBA makes no attempt to demonstrate that a basis for removal exists. Instead, UWBA has offered a grab-bag of doctrines that can justify removal in a proper case without attempting to show that this case fits those doctrines.

UWBA states that "Where a substantial, disputed question of federal law is a necessary element of a state-law claim, federal question jurisdiction exists." Notice of Removal ¶ 12. Defendant makes no attempt to show, however, that the allegations in this complaint meet the test of a substantial, disputed question of federal law which is a necessary element of Plaintiff's claim. In particular, UWBA does not attempt to show that the supposed federal question is a disputed

---

National Labor Relations Act violations not alleged in the complaint is a gratuitous addition of claims that Plaintiff has not made and should be disregarded. "The artful pleading doctrine does not permit defendants to achieve what they are trying to accomplish here: to rewrite a plaintiff's properly pleaded claim in order to remove it to federal court." *Rains v. Critereon Systems, Inc.* (9th Cir. 1996) 80 F.3d 339, 344.

issue of law, rather than a fact-bound dispute over whether a certain set of facts comes within a federal prohibition. It does not bother to address the undeniable fact that the reference to public policy contained in federal law is one of two alternatives, with the other alterative being a pure state law question. It does not attempt to address the issue of whether treating a state law wrongful termination claim as a federal claim under these circumstances would allow a substantial number of "garden variety" state law claims to become federal claims and it does not address the fact that federal law gives Plaintiff no private right of action. The strongest statement UWBA can make is that "adjudication of *at least part of Plaintiff's First Cause of Action* requires the resolution of substantial, disputed federal questions." (Notice of Removal) ¶ 13 (Emphasis added). This is simply insufficient under the law.

In the same vein, UWBA asserts that "Under the artful pleading doctrine, a Plaintiff may not avoid federal jurisdiction simply by casting in state law terms a claim that actually is based on federal law." Notice of Removal, ¶ 11. While this may be a true statement, it has no applicability to this case. The artful pleading doctrine applies to a Plaintiff who seeks to avoid federal jurisdiction by "omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Rains v. Critereon Systems, Inc.* (9th Cir. 1996) 80 F.3d 339, 344 (citation and quotation marks omitted). In this case, the federal law, as a basis for one theory of the wrongful termination claim appears on the face of the complaint. It is not omitted. Moreover, as we have shown, even if it were omitted, it is not essential.

Nor can UWBA show that Plaintiff is attempting to litigate in state court a claim that can be made only under federal law. As we have shown, the federal law in question does not provide a private right of action for violations. The absence of a federal cause of action means that this claim cannot be said to be "artfully pleaded" because, as the Ninth Circuit has observed, "the artful pleading doctrine applies only when federal law not only displaces state law but also confers a federal remedy." *Hunter v. United Van Lines* (9th Cir. 1985) 746 F.2d 635, 642. As the Ninth Circuit explained in *Hunter*, "a state-law claim may be recharacterized as a federal claim only when the state-law claim is preempted by federal law *and* when it is apparent from a review of the

complaint that federal law provides Plaintiff a cause of action to remedy the wrong he asserts he suffered. 746 F.2d at pp. 642-643 (Emphasis in the original).

The "artful pleading" cases relied on by UWBA are principally cases in which the claim alleged was one where federal law provided the exclusive remedy. In the case of *Brennan v. Southwest Airlines* (9th Cir. 1998) 134 F.3d 1405, relied on by UWBA, Plaintiff sought repayment of sums collected as taxes by airlines. The court ruled that federal law purported the exclusive remedy for someone seeking repayment of sums collected as taxes. In *People ex rel Lockyer v. Dynergy Power Marketing* (9th Cir. 2004) 375 F.3d 831, relied on by UWBA, the claim was for redress of alleged sales of energy on the spot market which allegedly disrupted energy supplies. The court found that, to the extent the sales violated the law, the law violated was federal regulatory law and the law provided a federal remedy as the exclusive remedy for persons injured by violations of the regulations. The remaining cases either found that an issue of federal law completely controlled[4] or found that federal question jurisdiction did not exist because of principles discussed in this memorandum.[5]

Thus, UWBA is invoking the artful pleading doctrine in a case in which it has no applicability. The Ninth Circuit has made it plain that the artful pleading doctrine does not apply where, as here, Plaintiff "brought a state law claim and cited a federal statute as an alternate basis

---

[4] *Animal Legal Defense Fund v. Quigg* (9th Cir. 1990) 900 F.2d 195, 196, (Complaint alleged that Commissioner of the United States Patent and Trademark Office had exceeded his authority in allowing patenting of animals. The Ninth Circuit ruled that "The answer to this question turns on a construction of patent law. There are no alternate theories upon which Plaintiffs can base their claim that do not depend on a construction of patent law."); *National Credit Reporting Association v. Experian Information Solutions* (N.D. Cal. 2004)2004 WL 188769, (Plaintiff's claim for unlawful business practices "rests on resolution of the federal law. Such an unlawful claim may be removed because the federal law is essential to the plaintiff's claim." Slip. Op. at p. 4).

[5] *Lippitt v. Raymond James Financial Services* (9th Cir. 2003) 340 F.3d 1033 (Artful pleading doctrine not applicable and no federal jurisdiction existed, in part because plaintiff's complaint was "sufficient . . . to sustain the elements of his § 17200 claim without resort to federal law." (citing *Rains v. Criterion Systems, Inc., supra* 80 F.3d at p. 346); *Precision Pay Phones v. Qwest Communication Corp.* (N.D. Cal. 2002) 210 F. Supp. 2d 1106 (Artful pleading doctrine did not apply in part because the factors determining the "substantiality" of the federal question did not warrant the assertion of federal jurisdiction. 210 F. Supp. 2d at pp. 1117-1119.) As we have shown, the case of *Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.* (1983) 463 U.S. 1 concluded that federal question jurisdiction did not exist because the case could be decided on exclusively state law grounds.

for establishing one element of his claim. The claim was authorized by state law and no essential federal law was omitted." *Rains v. Critereon Systems, Inc.* (9th Cir. 1996) ) 80 F.3d 339, 344.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand should be granted.

Respectfully submitted

Dated: June 19, 2007.

DILLINGHAM & MURPHY, LLP
WILLIAM GAUS
BARBARA L. HARRIS CHIANG

By: /s/ William Gaus
Attorneys for Plaintiff George Chen