1  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   LAURA N. MONFREDINI (Cal. State Bar No. 221153)
2  JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
3  55 Second Street, 24th Floor
   San Francisco, California  94105
4  Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
5  jeffwohl@paulhastings.com
   lauramonfredini@paulhastings.com
6  jeffmichalowski@paulhastings.com

7  Attorneys for Defendant
   United Way of the Bay Area

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  GEORGE CHEN,                          No. C-07-02785-WHA (JCS)

13                 Plaintiff,             **DEFENDANT UNITED WAY OF THE BAY
                                          AREA'S ANSWER TO PLAINTIFF'S
14       vs.                              COMPLAINT**

15  UNITED WAY OF THE BAY AREA, and
    DOES 1-10 inclusive,
16
                   Defendants.
17

18

19         Defendant United Way of the Bay Area ("United Way"), for itself alone and no other defendant,

20  hereby answers plaintiff George Chen's Verified Complaint for Wrongful Termination in Violation of

21  Public Policy and Libel (the "Complaint") as follows:

22              **PRELIMINARY OBJECTION BASED ON
                PLAINTIFF'S BREACH OF HIS DUTY TO ARBITRATE**
23

24         When plaintiff was hired by United Way, he agreed in writing to submit all employment-related

25  claims and disputes to binding arbitration.  By asserting his Second Cause of Action for Libel in this

26  action, plaintiff is in breach of his arbitration agreement, which is enforceable with respect to that claim.

27  Accordingly, the Court should compel plaintiff to arbitrate his Second Cause of Action.  United Way

28  brings with this answer a motion for that relief.

**DEFENSES**

Without waiving this preliminary objection, and solely to avoid any contention that it has waived other denials and objections to plaintiff's Second Cause of Action for Libel, United Way further responds to the Second Cause of Action and the balance of the Complaint as follows:

**FIRST DEFENSE**

The Complaint, and each of its causes of action, fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

1.     United Way admits paragraph 2 of the Complaint.

2.     United Way admits that this Court has jurisdiction over this action and that venue is proper in this District.  Except as so admitted, United Way denies paragraph 4 of the Complaint.

3.     United Way admits that plaintiff's employment with United Way began on or after May 16, 2001; that plaintiff was employed by United Way as its Senior Vice President and Director, Finance and Administration; and that plaintiff reported to United Way Chief Executive Officer Anne Wilson.  Except as so admitted, United Way denies paragraph 7 of the Complaint.

4.     United Way admits that its unrestricted reserves increased between 2001 and 2006. Except as so admitted, United Way denies paragraph 13 of the Complaint.

5.     United Way admits that on or about August 1, 2006, plaintiff was suspended from employment due to substantial complaints received by United Way that he had created a hostile and intimidating work environment for members of his staff and others; that United Way promptly ordered a thorough, professional, and good-faith investigation of plaintiff's behavior; that the findings and conclusion of that investigation were that plaintiff had, in fact, created a hostile and intimidating work environment for members of his staff and others; and that on the basis of those findings and conclusion, plaintiff's employment with United Way was terminated.  Except as so admitted, United Way denies paragraph 16 of the Complaint.

6.     United Way admits that California Corporations Code section 6812 regulates in certain respects financial reporting by non-profit corporations.  Plaintiff's allegation that section 6812 constitutes a "public policy of California" seeks the admission of a legal conclusion that is not the

1    proper subject of an admission in an answer, and in any event is too vague and uncertain to answer.

2    Except as so admitted or objected to, United Way denies paragraph 19 of the Complaint.

3        7.    United Way admits that there are certain federal statutes that regulate the circumstances

4    in which an employer may make payments to unions or union officials. Plaintiff's allegation that such

5    statutes constitute a "public policy of the United States" seeks the admission of a legal conclusion that is

6    not the proper subject of an admission in an answer, and in any event is too vague and uncertain to

7    answer. Except as so admitted or objected to, United Way denies paragraph 20 of the Complaint.

8        8.    United Way admits that on or about August 26, 2006, it informed plaintiff that it was

9    terminating his employment after an investigation found and concluded that he had created a hostile and

10    intimidating work environment for members of his staff and others. Accept as so admitted, United Way

11    denies paragraph 25 of the Complaint.

12        9.    United Way lacks sufficient information on which to form a belief as to the truth of

13    paragraphs 1, 3, 6, and 29 of the Complaint and on that basis denies the truth of these paragraphs.

14        10.    United Way denies that plaintiff performed his employment with United Way with

15    distinction. Except as so denied, United Way lacks sufficient information to form a belief as to truth of

16    the remaining allegations in paragraph 24 of the Complaint, and on that basis denies them.

17        11.    United Way denies paragraphs 8, 9, 10, 11, 12, 14, 15, 17, 21, 22, 26, 27, 28, 30, 31, and

18    32 of the Complaint, and denies further that plaintiff was damaged in the nature or amount alleged or in

19    any nature or amount.

20        12.    United Way incorporates by reference and realleges its responses to paragraphs 1-4 of the

21    Complaint in response to paragraph 5 of the Complaint; incorporates by reference and realleges its

22    responses to paragraphs 1-17 of the Complaint in response to paragraph 18 of the Complaint; and

23    incorporates by reference and realleges its responses to paragraphs 1-22 of the Complaint in response to

24    paragraph 23 of the Complaint.

25                                **THIRD DEFENSE**

26        Plaintiff has failed to mitigate or reasonably attempted to mitigate his damages, if any, and any

27    recovery to which plaintiff otherwise would be entitled should be precluded or reduced accordingly.

28    ///

**FOURTH DEFENSE**

The Complaint, and each of its causes of action, fails because plaintiff did not satisfy and/or breached his statutory obligations as provided in the California Labor Code, including but not limited to California Labor Code sections 2854 and 2856-2859.

**FIFTH DEFENSE**

Plaintiff is estopped from pursuing the Complaint and each of its causes of action by reason of his own actions and course of conduct.

**SIXTH DEFENSE**

Plaintiff has waived the right, if any, to pursue the Complaint, and each of its causes of action, by reason of his own actions and course of conduct.

**SEVENTH DEFENSE**

The Complaint, and each of its causes of action, is barred by the doctrine of unclean hands.

**EIGHTH DEFENSE**

The Complaint, and each of its causes of action, is barred because any recovery from United Way would result in plaintiff's unjust enrichment.

**NINTH DEFENSE**

The Complaint, and each of its causes of action, is barred because United Way's termination of plaintiff, any statement it made to plaintiff about the reasons for his termination, and any other act or omission by United Way alleged by plaintiff, were made based upon the good-faith belief, formed after a reasonable investigation, that such actions and statements were true and warranted.

**TENTH DEFENSE**

Plaintiff's First Cause of Action for Wrongful Termination in Violation of Public Policy fails to state a claim upon which relief can be granted because the purported public policies upon which plaintiff bases this claim, as applied to his factual allegations, do not constitute fundamental, basic, and substantial public policies of the State of California.

**ELEVENTH DEFENSE**

Plaintiff's First Cause of Action for Wrongful Termination in Violation of Public Policy fails to state a claim upon which relief can be granted because the purported public policies upon which he

1  bases this claim, as applied to his factual allegations, do not have a basis in constitutional or statutory
2  provisions.

3  ### TWELFTH DEFENSE

4  Plaintiff's First Cause of Action for Wrongful Termination in Violation of Public Policy is
5  preempted by section 8(a)(2) and 8(b)(6) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(2),
6  158(b)(6).

7  ### THIRTEENTH DEFENSE

8  Plaintiff's Second Cause of Action for Libel is barred by all applicable statutes of limitation,
9  including but not necessarily limited to the statute of limitation set forth in the arbitration agreement
10 between the parties.

11 ### FOURTEENTH DEFENSE

12 Plaintiff's Second Cause of Action for Libel is not actionable because the statements about him
13 he alleges United Way made were true.

14 ### FIFTEENTH DEFENSE

15 Plaintiff's Second Cause of Action for Libel fails because the statements about him he
16 alleges United Way made were non-actionable statements of opinion.

17 ### SIXTEENTH DEFENSE

18 Plaintiff's Second Cause of Action for Libel is not actionable because the statements about him
19 he alleges United Way made were privileged.  Cal. Civ. Code § 47(c).

20 ### SEVENTEENTH DEFENSE

21 Plaintiff's Second Cause of Action for Libel is barred because the statements about him he
22 alleges United Way made were published without malice, in good faith, and without any degree of fault
23 as required by the United States Constitution, and therefore are privileged under the First Amendment to
24 the Constitution of the United States and article 1, section 2 of the Constitution of California.

25 ### EIGHTEENTH DEFENSE

26 Plaintiff's Cause of Action for Libel is barred because plaintiff, without compulsion, himself
27 published to a third party the statements about him he alleges United Way made.

28 ///

1

**NINETEENTH DEFENSE**

2     Plaintiff's Second Cause of Action for Libel is barred because it was not reasonably foreseeable

3     that plaintiff would re-publish the statements about him he alleges United Way made.

4

**TWENTIETH DEFENSE**

5     Plaintiff's Cause of Action for Libel is barred, in whole or in part, because the statements about

6     him he alleges United Way made were not defamatory on their face, and plaintiff has failed to allege

7     proximately resulting damages with the specificity required by California Civil Code section 45(a).

8

**TWENTY-FIRST DEFENSE**

9     Plaintiff is not entitled to recover any punitive or exemplary damages as sought in the Complaint,

10    and any allegations with respect to those damages should be stricken, because any award of punitive or

11    exemplary damages under California law in general, and/or any such award under California law as

12    applied to the facts in this case, would violate United Way's constitutional rights under provisions of the

13    United States and California Constitutions, including, but not limited to, the due process clauses of the

14    Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel

15    and unusual punishment clauses of the Eighth Amendment to the United States Constitution.

16

**TWENTY-SECOND DEFENSE**

17    Based on plaintiff's wrongful retention of United Way's property, including but not necessarily

18    including two lap tops, in the event that United Way is held liable to plaintiff on any of his claims,

19    United Way is entitled to a complete or partial set off against any resulting damages awarded based on

20    plaintiff's conversion, misappropriation, or other wrongful deprivation of United Way's property.

21

**RELIEF REQUESTED**

22    United Way asks the Court to award the following relief to United Way:

23    1.     Compel arbitration of plaintiff's Second Cause of Action.

24    2.     With respect to plaintiff's First Cause of Action alone, or, if the Court declines to compel

25           arbitration of plaintiff's Second Cause of Action, then with respect to both his First and

26           Second Causes of Action, to enter judgment in favor of United Way and against plaintiff,

27           awarding nothing to plaintiff and instead dismissing the First Cause of Action or both the

28           First and the Second Causes of Action with prejudice; and awarding to United Way its

1    costs of suit, including reasonable attorneys' fees as provided by California Code of Civil

2    Procedure section 1021.7 and by any other applicable law, and such further or other relief

3    as the Court may deem proper.

4    Dated:  July 5, 2007.            JEFFREY D. WOHL
                                      LAURA N. MONFREDINI
5                                     JEFFREY P. MICHALOWSKI
                                      PAUL, HASTINGS, JANOFSKY & WALKER LLP
6

7

8                                     By:  /s/ Jeffrey D. Wohl
                                                Jeffrey D. Wohl
9                                            Attorneys for Defendant
                                           United Way of the Bay Area
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28