# EXHIBIT A

DILLINGHAM & MURPHY, LLP
WILLIAM GAUS (SBN. 054999)
BARBARA L. HARRIS CHIANG (SBN. 206892)
225 Bush Street, 6ᵗʰ Floor
San Francisco, California 94104-4207
Telephone: (415) 397-2700
Facsimile: (415) 397-3300

Attorneys for Plaintiff
GEORGE CHEN

**FILED**
San Francisco County Superior Court

APR 2 6 2007

GORDON PARK-LI, Clerk
BY: _____
DEBORAH STEPPE, Deputy Clerk

**CASE MANAGEMENT CONFERENCE SET**

SEP 2 8 2007 -9:00 AM

**DEPARTMENT 212**

SUPERIOR COURT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| GEORGE CHEN, | CASE NO. **CGC-07-462789** |
| PLAINTIFF, | **VERIFIED COMPLAINT FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND LIBEL** |
| v. | |
| UNITED WAY OF THE BAY AREA AND DOES 1-10, INCLUSIVE, | |
| DEFENDANTS. | **JURY TRIAL DEMANDED** |

COMES NOW Plaintiff GEORGE CHEN ("Plaintiff") and hereby complains and alleges as follows:

## PARTIES

1.     Plaintiff Chen is a citizen of the State of California, and is a resident of Walnut Creek, California.

2.     Plaintiff is informed and believes that Defendant UNITED WAY OF THE BAY AREA ("UWBA") is a charitable organization with its headquarters in San Francisco, California.

3.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does and therefore sue these defendants by such fictitious names. Plaintiff will amend upon

1    ascertainment of true names or capacities. Plaintiff is informed and believes that the

2    fictitiously-named defendants are responsible in some manner for the occurrences herein

3    alleged, and that Plaintiff's damages as herein alleged were proximately caused by or

4    contributed to by such defendants.

5                              **JURISDICTION AND VENUE**

6         4.     This Court has jurisdiction over this action. Venue is appropriate in the Superior

7    Court of California, County of San Francisco because a substantial part of the events or

8    omissions giving rise to the alleged claims in this Complaint occurred in San Francisco,

9    California.

10               **FACTS COMMON TO ALL CAUSES OF ACTION**

11        5.     Plaintiff hereby incorporates by reference paragraphs 1 through 4 of this

12   Complaint and make them part of this instant cause of action as though fully set forth herein.

13        6.     Plaintiff is an experienced financial officer, having served as Chief Financial

14   Officer to two private companies and having contributed to dramatic financial turnarounds at

15   both companies.

16        7.     Plaintiff was employed by defendant UWBA beginning on or about May 16,

17   2001, as Chief Financial Officer, reporting to Executive Director Anne Wilson ("Wilson").

18        8.     UWBA suffered, and suffers, from a reputation as an organization that has high

19   overhead due to inefficiency and negligent, self-indulgent management.

20        9.     Mr. Chen identified serious instances of negligence, including UWBA's

21   entrusting its operations and financial management to a purported "spin-off" company, which

22   was obviously incapable of performing the tasks entrusted to them. He identified to UWBA

23   management his concerns with this Company's viability, including questionable financial

24   controls and accounting practices engaged in by this purported "spin off" company, but UWBA

25   management refused to correct the situation because of longstanding business ties to the

26   management of the purported spin-off. This arrangement ended only when the purported spin-

27   off company collapsed, causing severe financial losses for UWBA.

28        10.    During his tenure, Plaintiff identified numerous instances of improper financial

1  management and reporting.  For example, UWBA management attempted to avoid reporting

2  pension plan liabilities for certain employees.  UWBA was advised by outside advisers that

3  these liabilities had to be reported.  Mr. Chen refused to sign off on UWBA's financial

4  statements until the liabilities were properly reported.  Similarly, UWBA management

5  attempted to inflate the revenue received during its campaigns and only reported the revenues

6  properly when Mr. Chen stated he would not sign off on UWBA financial statements that

7  reported revenue properly.

8        11.    Plaintiff identified to UWBA management payments to union officials that were

9  improper uses of UWBA funds.  In particular, UWBA made payments to and for the benefit of

10  purported employees who performed no actual work for UWBA.  When Plaintiff pointed out

11  this practice to UWBA management, UWBA management responded by attempting to create

12  job descriptions for these individuals in order to make a false record of services performed by

13  them.

14        12.    In 2006, Plaintiff had significant disputes with UWBA management, including

15  an attempt by UWBA management to misreport revenue received.  As with other attempts to

16  report revenue improperly, Plaintiff reminded UWBA management that he could not and would

17  not sign off on financial statements that were not completely accurate.  In response, the

18  Executive Director of UWBA threatened to fire him.  She also stated that as Executive

19  Director, she could do whatever she wanted with respect to financial reporting.  Eventually,

20  consultations with outside advisors confirmed Plaintiff's view that the reporting favored by

21  UWBA management was improper.

22        13.    When Plaintiff assumed control of UWBA's finances, UWBA's unrestricted

23  reserves were approximately $8 million, which put the agency in a precarious financial

24  position.  Through his efforts, UWBA's unrestricted reserves rose to over $23 million as of

25  June 30, 2006.  This improvement was accomplished despite the fact that annual campaign

26  revenue declined from $59 million in FY 2000 to less than $35 million in FY 2006 due in large

27  measure to public disenchantment with UWBA's negligent, self-indulgent management.

28        14.    When UWBA's reserves showed improvement, UWBA management attempted

1   a reorganization which significantly increased the compensation of favored UWBA executives

2   and which would have increased the overhead for the agency by over 35%.  Management's

3   proposed budget would be unacceptable in any organization, but was unconscionable in an

4   agency supposedly seeking to repair a reputation for inefficiency and negligent, self-indulgent

5   management which wasted donor funds.  Plaintiff stated that he would not recommend the

6   budget to the Finance Committee for approval.  Because of his action, the budget was revised

7   so that the increased overhead was about half of what was originally proposed.

8       15.    In July, 2006, Plaintiff returned from vacation to learn that UWBA management

9   was seeking to change the already-approved budget in order to restore the cuts in proposed

10  overhead that had been made at Plaintiff's insistence.  Plaintiff pointed out that there had never

11  been midstream changes in a budget approved by the Board and that the changes proposed

12  would have restored the overhead to the level that he had refused to endorse to the Board.

13  During this same period, Plaintiff approached the labor representatives about reducing clearly

14  improper payments for rent for union officials at offices at union headquarters.  Such payments

15  are unlawful under the Labor Management Relations Act.

16      16.    On August 1, 2006, Mr. Chen was suspended on the ground that there had been

17  complaints that he created a "hostile work environment."  Plaintiff had never previously been

18  informed on any such complaints or any complaints about his interactions with subordinates or

19  co-workers.  He was given no specifics, but was directed to leave work immediately and not to

20  contact any UWBA staff, volunteers, committee or Board members.  UWBA management then

21  had an "investigation" conducted in which Plaintiff was never told what the specific

22  accusations were or asked to respond to or explain his side of any specific complaints.  On

23  August 26, 2006, he was terminated on the basis that he had created a "hostile work

24  environment: because "people were intimidated."

25      17.    The true reason for his termination was his refusal to allow or sign off on

26  improper financial reporting and his questioning of financial practices that were improper or

27  unlawful.  UWBA management found Plaintiff's insistence on following the law to be an

28  unwelcome interference with what management saw as their right to engage in negligent, self-

1    indulgent management of donor's funds.

2    **FIRST CAUSE OF ACTION**
3    **(TERMINATION IN VIOLATION OF PUBLIC POLICY)**

4    18.    Plaintiff hereby incorporates by reference paragraphs 1 through 17 of this

5    Complaint and make them part of this instant cause of action as though fully set forth herein.

6    19.    It is the public policy of California provided for in California Corporations Code

7    § 6812 and elsewhere that charitable non-profit corporations engage in accurate financial

8    reporting and that they handle donor's funds with care and in a manner calculated to achieve

9    the best use of donor's funds.  Officers and directors are charged with ensuring that financial

10    reports regarding the financial condition of the corporation are not willfully false or

11    exaggerated in order to induce contributions.

12    20.    It is the public policy of the United States of America that no employer or other

13    person provide payments to unions or union officials except payments for services rendered as

14    an employee.

15    21.    Plaintiff was terminated because he insisted on actions that complied with the

16    public policies provided for in paragraph 19 above and because he opposed actions that

17    violated the public policy provided in paragraph 20 above.

18    22.    The actions complained of constitute termination in violation of Public Policy of

19    the State of California.

20    **SECOND CAUSE OF ACTION**
21    **(LIBEL)**

22    23.    Plaintiff hereby incorporates by reference paragraphs 1 through 22 of this

23    Complaint and make them part of this instant cause of action as though fully set forth herein.

24    24.    Plaintiff has extensive experience as a Chief Financial Operator, a Chief

25    Operating Officer and other highly responsible positions in the field of accounting and finance

26    throughout his career.  He has performed with distinction everywhere he has been employed,

27    including at UWBA.

28    25.    On or about August 26, 2006, Defendant UWBA communicated to Plaintiff that

1   he was being terminated for creating a "hostile environment."

2       26.    Defendant UWBA's explanation for terminating Plaintiff was false in that

3   Plaintiff did not create a hostile environment and it was intentionally misleading because it

4   falsely implied sexual harassment, using a phrase that is associated with sexual harassment.

5       27.    Defendant UWBA knew at the time of making these statements that the reason

6   given to Plaintiff for termination was false.

7       28.    It was reasonably foreseeable that Plaintiff would be forced to republish these

8   false statements in response to questions from prospective employers as to the reason given to

9   him for his termination.

10      29.    During Plaintiff's search for employment, Plaintiff was under a strong

11  compulsion to disclose, and in fact did disclose, to the state employment agency and executive

12  recruiters the false reasons stated by Defendant for his termination.

13      30.    As a proximate result of the above-described publication, Plaintiff has suffered

14  loss of his good business reputation, shame, mortification, and hurt feelings.

15      31.    As a further proximate result of the above-described publication, Plaintiff has

16  suffered damage in that he has been unable to secure employment and suffered loss in excess of

17  forty thousand ($40,000.000) as a result of Defendant UWBA's defamatory statements.

18      32.    The above-recited statements of Defendant UWBA were done with malice,

19  fraud, oppression, in that UWBA knew at the time of making the statements that the statements

20  were untrue, and thus Plaintiff seeks an award of punitive damages.

21                          **PRAYER FOR RELIEF**

22      WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

23      1.     For damages for lost compensation, pain and suffering;

24      2.     For punitive damages in an amount to be determined at trial;

25      3.     For interest on the sum of damages awarded, calculated from August 26, 2006 to

26             the date of judgment;

27  ///

28

1    4.    For reasonable attorneys' fees and cost of suit incurred herein, and

2    5.    For such other relief as the court deems proper.

3

4    DATED: APRIL 26, 2007          DILLINGHAM & MURPHY, LLP
                                    WILLIAM GAUS
5                                   BARBARA L. HARRIS CHIANG

6

7                             BY:   _____
                                    ATTORNEYS FOR GEORGE CHEN
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

# **VERIFICATION**

3          I, George Chen declare:

4          I am a party to this action, and I have read the foregoing Complaint for Wrongful

5   Termination in Violation of Public Policy and Libel and know its the contents.  The matters stated

6   in the Complaint for Wrongful Termination in Violation of Public Policy and Libel are true based

7   on my own knowledge, except as to those matters stated on information and belief, and as to those

8   matters I believe them to be true and correct.

9          I declare under penalty of perjury under the laws of the State of California that the

10  foregoing is true and correct.

11         Executed on April 26, 2007 at San Francisco, California.

12
13
14                                    GEORGE CHEN
15
16
17
18
19
20
21
22
23
24
25
26
27
28