# EXHIBIT B



# RULES

Voluntary
Labor
Arbitration
Rules



American
Arbitration
Association

*As amended
and in effect
January 1, 1984*

> Parties who use the labor arbitration services of the American Arbitration Association are being offered a new choice. For relatively uncomplicated grievances, they may agree to use streamlined procedures which provide a prompt and inexpensive method for resolving disputes. This option responds to a concern about rising costs and delays in processing grievance arbitration cases. The AAA's Streamlined Labor Arbitration Rules, by eliminating certain procedures, are intended to resolve cases within a month of the appointment of the arbitrator. Copies of the Streamlined Labor Arbitration Rules are available from any AAA Regional Office without cost.



# Voluntary Labor Arbitration Rules

### 1. Agreement of Parties
The parties shall be deemed to have made these Rules a part of their arbitration agreement whenever, in a collective bargaining agreement or submission, they have provided for arbitration by the American Arbitration Association (hereinafter AAA) or under its Rules. These Rules shall apply in the form obtaining at the time the arbitration is initiated.

### 2. Name of Tribunal
Any Tribunal constituted by the parties under these Rules shall be called the Voluntary Labor Arbitration Tribunal.

### 3. Administrator
When parties agree to arbitrate under these Rules and an arbitration is instituted thereunder, they thereby authorize the AAA to administer the arbitration. The authority and obligations of the Administrator are as provided in the agreement of the parties and in these Rules.

### 4. Delegation of Duties
The duties of the AAA may be carried out through such representatives or committees as the AAA may direct.

### 5. National Panel of Labor Arbitrators
The AAA shall establish and maintain a National Panel of Labor Arbitrators and shall appoint arbitrators therefrom, as hereinafter provided.

### 6. Office of Tribunal
The general office of the Labor Arbitration Tribunal is the headquarters of the AAA, which may, however, assign the administration of an arbitration to any of its Regional Offices.

### 7. Initiation under an Arbitration Clause in a Collective Bargaining Agreement
Arbitration under an arbitration clause in a collective bargaining agreement under these Rules may be initiated by either party in the following manner:

(a) By giving written notice to the other party of intention to arbitrate (Demand), which notice shall contain a statement setting forth the nature of the dispute and the remedy sought, and

(b) By filing at any Regional Office of the AAA three copies of said notice, together with a copy of the collective bargaining agreement, or such parts thereof as relate to the dispute, including the arbitration provisions. After the Arbitrator is appointed, no new or different claim may be submitted except with the consent of the Arbitrator and all other parties.

### 8. Answer
The party upon whom the Demand for Arbitration is made may file an answering statement with the AAA within seven days after notice from the AAA, simultaneously sending a copy to the other party. If no answer is filed within the stated time, it will be assumed that the claim is denied. Failure to file an answer shall not operate to delay the arbitration.

### 9. Initiation under a Submission
Parties to any collective bargaining agreement may initiate an arbitration under these Rules by filing at any Regional Office of the AAA two copies of a written agreement to arbitrate under these Rules (Submission), signed by the parties and setting forth the nature of the dispute and the remedy sought.

### 10. Fixing of Locale
The parties may mutually agree upon the locale where the arbitration is to be held. If the locale is not designated in the collective bargaining agreement or Submission, and if there is a dispute as to the appropriate locale, the AAA shall have the power to determine the locale and its decision shall be binding.

### 11. Qualifications of Arbitrator
No person shall serve as a neutral Arbitrator in any arbitration in which he or she has any financial personal interest in the result of the arbitration, unless the parties, in writing, waive such disqualification.

### 12. Appointment from Panel
If the parties have not appointed an Arbitrator and have not provided any other method of appointment, the Arbitrator shall be appointed in the following manner: Immediately after the filing of the Demand or Submission, the AAA shall submit simultaneously to each party an identical list of names of persons chosen from the Labor Panel. Each party shall have seven days from the mailing date in which to cross off any names to which it objects, number the remaining names indicating the order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an Arbitrator to serve. If the parties fail to agree upon any of the persons named or if those named decline or are unable to act, or if for any other reason the appointment cannot be made from the submitted lists, the Administrator shall have the power to make the appointment from other members of the Panel without the submission of any additional lists.

### 13. Direct Appointment by Parties
If the agreement of the parties names an Arbitrator or specifies a method of appointing an Arbitrator, that designation or method shall be followed. The notice of appointment, with the name and address of such Arbitrator, shall be filed with the AAA by the appointing party.

If the agreement specifies a period of time within which an Arbitrator shall be appointed and any party fails to make such appointment within that period, the AAA may make the appointment.

If no period of time is specified in the agreement, the AAA shall notify the parties to make the appointment and if within seven days thereafter such Arbitrator has not been so appointed, the AAA shall make the appointment.

### 14. Appointment of Neutral Arbitrator by Party-Appointed Arbitrators
If the parties have appointed their Arbitrators, or if either or both of them have been appointed as provided in Section 13, and have authorized such Arbitrators to appoint a neutral Arbitrator within a specified time and no appointment is made within such time or any agreed extension thereof, the AAA may appoint a neutral Arbitrator, who shall act as Chairman.

If no period of time is specified for appointment of the neutral Arbitrator and the parties do not make the appointment within seven days from the date of the appointment of the last party-appointed Arbitrator, the AAA shall appoint such neutral Arbitrator, who shall act as Chairman.

If the parties have agreed that the Arbitrators shall appoint the neutral Arbitrator from the Panel, the AAA shall furnish to the party-appointed Arbitrators, in the manner prescribed in Section 12, a list selected from the Panel, and the appointment of the neutral Arbitrator shall be made as prescribed in such Section.

### 15. Number of Arbitrators
If the arbitration agreement does not specify the number of Arbitrators, the dispute shall be heard and determined by one Arbitrator, unless the parties otherwise agree.

### 16. Notice to Arbitrator of Appointment
Notice of the appointment of the neutral Arbitrator shall be mailed to the Arbitrator by the AAA and the signed acceptance of the Arbitrator shall be filed with the AAA prior to the opening of the first hearing.

### 17. Disclosure by Arbitrator of Disqualification
Prior to accepting the appointment, the prospective

4

5

neutral Arbitrator shall disclose any circumstances likely to create a presumption of bias or which the Arbitrator believes might disqualify him or her as an impartial Arbitrator. Upon receipt of such information, the AAA shall immediately disclose it to the parties. If either party declines to waive the presumptive disqualification, the vacancy thus created shall be filled in accordance with the applicable provisions of these Rules.

### 18. Vacancies

If any Arbitrator should resign, die, withdraw, refuse, or be unable or disqualified to perform the duties of office, the AAA shall, on proof satisfactory to it, declare the office vacant. Vacancies shall be filled in the same manner as that governing the making of the original appointment, and the matter shall be reheard by the new Arbitrator.

### 19. Time and Place of Hearing

The Arbitrator shall fix the time and place for each hearing. At least five days prior thereto, the AAA shall mail notice of the time and place of hearing to each party, unless the parties otherwise agree.

### 20. Representation by Counsel

Any party may be represented at the hearing by counsel or by other authorized representative.

### 21. Stenographic Record

Any party may request a stenographic record by making arrangements for same through the AAA. If such transcript is agreed by the parties to be, or in appropriate cases determined by the Arbitrator to be, the official record of the proceeding, it must be made available to the Arbitrator and to the other party for inspection, at a time and place determined by the Arbitrator. The total cost of such a record shall be shared equally by those parties that order copies.

### 22. Attendance at Hearings

Persons having a direct interest in the arbitration are entitled to attend hearings. The Arbitrator shall have the power to require the retirement of any witness or witnesses during the testimony of other witnesses. It shall be discretionary with the Arbitrator to determine the propriety of the attendance of any other persons.

### 23. Adjournments

The Arbitrator for good cause shown may adjourn the hearing upon the request of a party or upon his or her own initiative, and shall adjourn when all the parties agree thereto.

### 24. Oaths

Before proceeding with the first hearing, each Arbitrator may take an Oath of Office, and if required by law, shall do so. The Arbitrator may require witnesses to testify under oath administered by any duly qualified person, and if required by law or requested by either party, shall do so.

### 25. Majority Decision

Whenever there is more than one Arbitrator, all decisions of the Arbitrators shall be by majority vote. The award shall also be made by majority vote unless the concurrence of all is expressly required.

### 26. Order of Proceedings

A hearing shall be opened by the filing of the Oath of the Arbitrator, where required, and by the recording of the place, time, and date of hearing, the presence of the Arbitrator and parties, and counsel, if any, and the receipt by the Arbitrator of the Demand and answer, if any, or the Submission.

Exhibits, when offered by either party, may be received in evidence by the Arbitrator. The names and addresses of all witnesses and exhibits in order received shall be made a part of the record.

The Arbitrator may vary the normal procedure under which the initiating party first presents its claim, but in any case shall afford full and equal opportunity to all parties for presentation of relevant proofs.

### 27. Arbitration in the Absence of a Party

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party who, after due notice, fails to be present or fails to obtain an adjournment. An award shall not be made solely on the default of a party. The Arbitrator shall require the other party to submit such evidence as may be required for the making of an award.

### 28. Evidence

The parties may offer such evidence as they desire and shall produce such additional evidence as the Arbitrator may deem necessary to an understand-

6

7

ing and determination of the dispute. An Arbitrator authorized by law to subpoena witnesses and documents may do so independently or upon the request of any party. The Arbitrator shall be the judge of the relevancy and materiality of the evidence offered and conformity to legal rules of evidence shall not be necessary. All evidence shall be taken in the presence of all of the Arbitrators and all of the parties except where any of the parties is absent in default or has waived its right to be present.

### 29. Evidence by Affidavit and Filing of Documents

The Arbitrator may receive and consider the evidence of witnesses by affidavit, giving it only such weight as seems proper after consideration of any objections made to its admission.

All documents not filed with the Arbitrator at the hearing, but which are arranged at the hearing or subsequently by agreement of the parties to be submitted, shall be filed with the AAA for transmission to the Arbitrator. All parties shall be afforded opportunity to examine such documents.

### 30. Inspection

Whenever the Arbitrator deems it necessary, he or she may make an inspection in connection with the subject matter of the dispute after written notice to the parties who may, if they so desire, be present at such inspection.

### 31. Closing of Hearings

The Arbitrator shall inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies, the Arbitrator shall declare the hearings closed and a minute thereof shall be recorded. If briefs or other documents are to be filed, the hearings shall be declared closed as of the final date set by the Arbitrator for filing with the AAA. The time limit within which the Arbitrator is required to make an award shall commence to run, in the absence of other agreement by the parties, upon the closing of the hearings.

### 32. Reopening of Hearings

The hearings may be reopened by the Arbitrator at will or on the motion of either party, for good cause shown, at any time before the award is made, but if the reopening of the hearings would prevent the making of the award within the specific time agreed upon by the parties in the contract out of which the controversy has arisen, the matter may not be reopened, unless both parties agree upon the extension of such time limit. When no specific date is fixed in the contract, the Arbitrator may reopen the hearings, and the Arbitrator shall have 30 days from the closing of the reopened hearings within which to make an award.

### 33. Waiver of Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with, and who fails to state an objection thereto in writing, shall be deemed to have waived the right to object.

### 34. Waiver of Oral Hearings

The parties may provide, by written agreement, for the waiver of oral hearings. If the parties are unable to agree as to the procedure, the AAA shall specify a fair and equitable procedure.

### 35. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA for good cause may extend any period of time established by these Rules, except the time for making the award. The AAA shall notify the parties of any such extension of time and its reason therefor.

### 36. Serving of Notices

Each party to a Submission or other agreement which provides for arbitration under these Rules shall be deemed to have consented and shall consent that any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these Rules and for any court action in connection therewith or the entry of judgment on an award made thereunder, may be served upon such party (a) by mail addressed to such party or its attorney at the last known address, or (b) by personal service, within or without the state wherein the arbitration is to be held.

### 37. Time of Award

The award shall be rendered promptly by the Arbitrator and, unless otherwise agreed by the parties or specified by the law, not later than 30 days from the date of closing the hearings, or if oral hearings have been waived, then from the date of transmit-

ting the final statements and proofs to the Arbitrator.

### 38. Form of Award
The award shall be in writing and shall be signed either by the neutral Arbitrator or by a concurring majority if there be more than one Arbitrator. The parties shall advise the AAA whenever they do not require the Arbitrator to accompany the award with an opinion.

### 39. Award upon Settlement
If the parties settle their dispute during the course of the arbitration, the Arbitrator, upon their request, may set forth the terms of the agreed settlement in an award.

### 40. Delivery of Award to Parties
Parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail by the AAA, addressed to such party at its last known address or to its attorney, or personal service of the award, or the filing of the award in any manner which may be prescribed by law.

### 41. Release of Documents for Judicial Proceedings
The AAA shall, upon the written request of a party, furnish to such party, at its expense, certified facsimiles of any papers in the AAA's possession that may be required in judicial proceedings relating to the arbitration.

### 42. Judicial Proceedings
The AAA is not a necessary party in judicial proceedings relating to the arbitration.

### 43. Administrative Fee
As a not-for-profit organization, the AAA shall prescribe an administrative fee schedule to compensate it for the cost of providing administrative services. The schedule in effect at the time of filing shall be applicable.

### 44. Expenses
The expense of witnesses for either side shall be paid by the party producing such witnesses.

Expenses of the arbitration, other than the cost of the stenographic record, including required traveling and other expenses of the Arbitrator and of AAA representatives, and the expenses of any witnesses or the cost of any proofs produced at the direct request of the Arbitrator, shall be borne equally by the parties unless they agree otherwise, or unless the Arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.

### 45. Communication with Arbitrator
There shall be no communication between the parties and a neutral Arbitrator other than at oral hearings. Any other oral or written communications from the parties to the Arbitrator shall be directed to the AAA for transmittal to the Arbitrator.

### 46. Interpretation and Application of Rules
The Arbitrator shall interpret and apply these Rules insofar as they relate to the Arbitrator's powers and duties. When there is more than one Arbitrator and a difference arises among them concerning the meaning or application of any such Rules, it shall be decided by majority vote. If that is unobtainable, either Arbitrator or party may refer the question to the AAA for final decision. All other Rules shall be interpreted and applied by the AAA.

## ADMINISTRATIVE FEE SCHEDULE

### Initial Administrative Fee
The initial administrative fee is $100.00 for each party, due and payable at the time of filing. No refund of the initial fee is made when a matter is withdrawn or settled after the filing of the Demand for Arbitration.

### Additional Hearings
A fee of $50.00 is payable by each party for each second and subsequent hearing which is either clerked by the AAA or held in a hearing room provided by the AAA.

### Postponement Fee
A fee of $40.00 is payable by a party causing a postponement of any scheduled hearing.

## REGIONAL DIRECTORS

ATLANTA (30361) • INDIA JOHNSON •
1197 Peachtree Street, N.E. • (404) 872-3022

BOSTON (02114) • RICHARD M. REILLY •
60 Staniford Street • (617) 367-6800

CHARLOTTE (28222) • MARK SHOLANDER •
P.O. Box 220565, 3717 Latrobe Drive • (704) 366-4546

CHICAGO (60606) • LaVERNE ROLLE •
205 West Wacker Drive • (312) 346-2282

CINCINNATI (45202) • PHILIP S. THOMPSON •
2308 Carew Tower • (513) 241-8434

CLEVELAND (44115) • EARLE C. BROWN •
1127 Euclid Avenue • (216) 241-4741

DALLAS (75201) • HELMUT O. WOLFF •
1607 Main Street • (214) 748-4979

DENVER (80203) • MARK APPEL •
789 Sherman Street • (303) 831-0823

DETROIT (48226) • MARY A. BEDIKIAN •
615 Griswold Street • (313) 964-2525

GARDEN CITY, N.Y. (11530) • MARK A. RESNICK •
585 Stewart Avenue • (516) 222-1660

HARTFORD (06106) • KAREN M. BARRINGTON •
2 Hartford Square West • (203) 278-5000

LOS ANGELES (90020) • JERROLD L. MURASE •
443 Shatto Place • (213) 383-6516

MIAMI (33129) • RENE GRAFALS •
2250 S.W. 3rd Avenue • (305) 854-1616

MINNEAPOLIS (55402) • JAMES R. DEYE •
510 Foshay Tower • (612) 332-6545

NEW JERSEY (SOMERSET 08873) • RICHARD NAIMARK •
1 Executive Drive • (201) 560-9560

NEW YORK (10020) • GEORGE H. FRIEDMAN •
140 West 51st Street • (212) 484-4150

PHILADELPHIA (19102) • ARTHUR R. MEHR •
1520 Locust Street • (215) 732-5260

PHOENIX (85012) • DEBORAH A. KRELL •
77 East Columbus • (602) 234-0950

PITTSBURGH (15222) • JOHN F. SCHANO •
221 Gateway Four • (412) 261-3617

SAN DIEGO (92101) • SHELAGH A. HURLEY •
530 Broadway • (619) 239-3051

SAN FRANCISCO (94108) • CHARLES A. COOPER •
445 Bush Street • (415) 981-3901

SEATTLE (98104) • NEAL M. BLACKER •
811 First Avenue • (206) 622-6435

SYRACUSE (13202) • DEBORAH A. BROWN •
720 State Tower Building • (315) 472-5483

WASHINGTON, D.C. (20036) • GARYLEE COX •
1730 Rhode Island Avenue, N.W. • (202) 296-8510

WHITE PLAINS, N.Y. (10601) • MARION J. ZINMAN •
34 South Broadway • (914) 946-1119

AMERICAN ARBITRATION ASSOCIATION
NEW YORK (10020) • 140 West 51st Street
(212) 484-4000

B 169

AAA-6-20M-12/83