DILLINGHAM & MURPHY, LLP
WILLIAM GAUS (SBN 05499)
BARBARA L. HARRIS CHIANG (SBN 206892)
wg@dillinghammurphy.com
bhc@dillinghammurphy.com
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone:    (415) 397-2700
Facsimile:    (415) 397-3300

Attorneys for Plaintiff
GEORGE CHEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE CHEN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED WAY OF THE BAY AREA AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.: C 07-02785 WHA (JCS)<br><br>DECLARATION OF WILLIAM GAUS OPPOSITION TO PETITION TO COMPEL ARBITRATION<br><br>Date:  August 16, 2007<br>Time:  8:00 a.m. |

WILLIAM GAUS declares under penalty of perjury that the following is true and correct of his personal knowledge.

1. I am a member of the firm of Dillingham & Murphy, LLP, attorneys for plaintiff in the above-captioned case.

2. On or about May 7, 2007, I received the letter attached hereto as Exhibit A from Jeffrey D. Wohl, attorney for Defendant. In paragraph 4 of this letter, UWBA threatens to bring an action on or after May 21, 2007 concerning some laptops supposedly not returned to UWBA following Mr. Chen's termination in August, 2006.

3. I responded with the letter attached hereto as Exhibit B, explaining that there were failed attempts by Mr. Chen to arrange a simultaneous exchange of his property with some property of UWBA following his termination. These efforts foundered and were

1  discontinued in October, 2006.
2       I declare under penalty of perjury under the laws of the State of California that the
3  foregoing is true and correct.
4       Executed at San Francisco, California, July 24, 2007

                                          _____
                                          William Gaus

Exhibit A

## Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Twenty-Fourth Floor • 55 Second Street • San Francisco, CA 94105-3441
telephone 415 856 7000 • facsimile 415 856 7100 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

**Jeffrey D. Wohl**
415 856 7255
jeffwohl@paulhastings.com

May 7, 2007

**BY HAND**

William Gaus
Dillingham & Murphy LLP
225 Bush Street, 6th Floor
San Francisco, California 94104-4207

Re:    *Chen v. United Way of the Bay Area*

Dear Bill:

This follows our telephone conversation earlier this morning about this case.

1. Based on your representations, I will agree with you that service of process of the summons and complaint on United Way of the Bay Area is deemed effected on May 11, 2007 (based on delivery of the papers to United Way's offices on April 30, 2007, and mailing of the papers to United Way on May 1, 2007), which makes United Way's response to the complaint due on June 11, 2007. (I believe we both misspoke on the telephone when we agreed that the mailing occurred on May 8, which would have made service complete on May 18 and United Way's response due on June 18.)

2. Enclosed please find a copy of Mr. Chen's signed offer letter, which includes an arbitration agreement. In light of this agreement, please let me know as soon as you can, and in no event later than May 21, 2007, whether Mr. Chen will arbitrate his claims against United Way.

3. Enclosed also please find a copy of the investigation report which led to Mr. Chen's termination from United Way. As I related when we spoke, at the time United Way offered to give the report to Mr. Chen, but he refused to accept it.

4. I informed you that Mr. Chen has at least one, and possibly two, laptops belonging to United Way which may contain United Way data. I further informed that United Way previously asked Mr. Chen to return the laptop

LEGAL_US_W # 56193042.1

**Paul Hastings**
ATTORNEYS

William Gaus
May 7, 2007
Page 2

or laptops, and he refused to do so. I trust you will advise Mr. Chen of his obligations under the law and that he will promptly return the laptop(s), without the deletion of any data that currently reside there, and not retain any copies of data. If the laptop or laptops are not returned by May 21, 2007, United Way will assert claims against Mr. Chen for their return and resulting damages.

5. Finally, as you expressed a lack of prior awareness of (i) Mr. Chen's arbitration agreement, (ii) the offer to provide to Mr. Chen the investigation report, and (iii) his possession of United Way's laptop(s), I welcome your reconsideration of the pursuit of this action in light of those matters. After you have done so, please let me know if you are interested in discussing whether there is any basis to resolve Mr. Chen's claims prior to the further pursuit of adversary proceedings.

Sincerely,

Jeffrey D. Wohl

JDW:wp

Enclosures

cc: Laura N. Monfredini
Jeffrey P. Michalowski
(w/o encls.)

# Exhibit B

**DILLINGHAM & MURPHY, LLP**

SIXTH FLOOR

225 BUSH STREET

SAN FRANCISCO, CALIFORNIA 94104-4207

TELEPHONE (415) 397-2700

FAX (415) 397-3300

CABLE ADDRESS
"PALADIN"

INTERNET dm@wirepaladin.com

May 16, 2007

Jeffrey W. Wohl, Esq.
Paul Hastings
55 Second Street, 24th Floor
San Franicsco, CA 94105-3441

    Re:    Chen v. United Way of the Bay Area

Dear Jeff:

I have received your letters of May 7 and May 11, 2007. I note that you requested a reply to your letter of May 7, 2007 by May 21, 2007. Four days later, you had concluded that a failure on my part to respond far sooner than the deadline you suggested "gives rise to a very powerful inference that Mr. Chen, in fact, intentionally holds United Way property and wrongfully refuses to return it." You also speculate that there is United Way data on the laptop(s), which is in danger of being destroyed.

There is no United Way data on the laptops and there never was. Your speculation about destruction of United Way data is just that, speculation from whole cloth. As to Mr. Chen's supposed "holding of United Way property," your client can confirm the following facts:

- Mr. Chen was told to leave United Way premises during the period of the "investigation" of supposed misconduct and not to communicate with any UWBA employees. He was never again allowed on the premises. His personal belongings sat in UWBA offices and he had no access to them.

- After his termination, Mr. Chen communicated with Eric McDonnell concerning the fact that he had laptops that UWBA should receive and that UWBA had his personal property. Mr. Chen suggested meetings to exchange these items. Mr. McDonnell agreed to a meeting for this purpose and then cancelled it.

May 16, 2007
Page 2

- Mr. McDonnell then suggested shipping Mr. Chen's belongings by UPS, with the understanding that, upon receipt of his belongings, Mr. Chen would deliver the laptop(s). Mr. Chen provided a list of specific items that were particularly important in an e-mail of 10/24/06, including a folder with his insurance information, medical receipts, his calculator and a rolodex containing his important business contacts, all of which belonged to him prior to his employment with UWBA.

- UPS appeared at Mr. Chen's home, but did not have the items identified by Mr. Chen. Mr. Chen e-mailed Mr. McDonnell, reminding him of the specific personal items that had not been delivered and asking—again—for an arrangement when Mr. Chen could receive his belongings and United Way would receive the laptop(s) it was demanding. Mr. McDonnell dropped the matter. Your letters of May 7 and May 11, 2007 are apparently resurrecting this matter, giving it a supposed urgency that Mr. McDonnell never gave it.

If UWBA would apply the same energy to the return of Mr. Chen's property, that you have given to manufacturing a completely contrived issue involving supposed destruction of UWBA data, this matter would be easily resolved on the basis that Mr. Chen originally proposed. If UWBA has now concluded that the personal property requested by Mr. Chen will never be returned to him, it would be appreciated if UWBA would simply say so forthrightly instead of simply attempting to airbrush UWBA's cavalier approach to the destruction of Mr. Chen's property from the record.

In response to the other issues of your letter of May 11, 2007, I have reviewed the purported arbitration agreement. It is clearly unconscionable and unenforceable. As to the question of whether discussions at this time would be beneficial, my purpose in writing to UWBA prior to filing the complaint was to explore whether discussions would be beneficial. I have not changed my view that much litigation is better avoided, although acting on that belief requires good faith on both sides, which is sometimes lacking. We would be amenable to discussing a resolution of Mr. Chen's claims and we would even be open to a discussion of an agreement to resolve the claims through arbitration. This latter possibility would, however, need to resolve in advance issues of discovery that may well be intractable. We would not accept any arrangement that was likely to truncate Mr. Chen's discovery.

Very truly yours,

William Gaus

WG/sm