1  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   LAURA N. MONFREDINI (Cal. State Bar No. 221153)
2  JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
3  55 Second Street, 24th Floor
   San Francisco, California 94105
4  Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
5  jeffwohl@paulhastings.com
   lauramonfredini@paulhastings.com
6  jeffmichalowski@paulhastings.com

7  Attorneys for Defendant
   United Way of the Bay Area

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE CHEN,<br><br>            Plaintiff,<br><br>   vs.<br><br>UNITED WAY OF THE BAY AREA and, and DOES 1-10 inclusive,<br><br>            Defendants. | No. C-07-02785-WHA (JCS)<br><br>**DEFENDANT'S OBJECTIONS TO DECLARATION OF GEORGE CHEN IN OPPOSITION TO PETITION TO COMPEL ARBITRATION**<br><br>Date:         August 16, 2007<br>Time:         8:00 a.m.<br>Courtroom:    9, 19th Floor<br>Judge:        Hon. William H. Alsup<br><br>Complaint filed: April 26, 2007<br>Trial date:      None set yet |

LEGAL_US_W # 56766470.2

Defendant United Way of the Bay Area ("United Way") hereby objects to the following paragraphs in full, and, where specified, to the following specific statements from the Declaration of George Chen in Opposition to Petition to Compel Arbitration (page and line numbers are indicated by "__:__-__"):

| **Chen Declaration** | **Objection** |
|---|---|
| 1. "The persons presented me [the employment application and employment agreement] were PipeVine personnel, who informed me that I had to sign these documents without modification." ¶ 5: 7-9. | a. Lacks foundation (plaintiff does not specify who made the alleged statements, in what capacity, or by what authority, or the basis for attributing any such statements to United Way).<br><br>b. Irrelevant to the issues raised by United Way's motion (whether PipeVine personnel made such statements is irrelevant and immaterial given the actual text of the employment agreement which made clear that (i) plaintiff could seek modifications if he disagreed with the content of the agreement and (ii) it superseded any prior or contemporaneous statements, representations, or agreements).<br><br>c. Impermissible hearsay (this is a classic out of court statement introduced to prove the truth of what it asserts, and cannot be used as an admission by United Way). |
| 2. ¶¶ 7-12 (discussing events that occurred during the course of plaintiff's employment with United Way). | a. Irrelevant to the issues raised by United Way's motion, since what occurred *after* plaintiff accepted his employment agreement and its arbitration provision is irrelevant to the formation of the contract. *See Am. Software, Inc. v. Ali*, 46 Cal. App. 4th 1386, 1390 ("California courts require a showing of both procedural and substantive unconscionability *at the time the contract was made*.") (emphasis supplied). |

Dated: August 2, 2007.

JEFFREY D. WOHL
LAURA MONFREDINI
JEFFREY P. MICHALOWSKI
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By ___/s/ Jeffrey D. Wohl___
        Jeffrey D. Wohl
        Attorneys for Defendant
        United Way of the Bay Area

LEGAL_US_W # 56766470.2