United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE CHEN, | No. C 07-02785 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DECLINING TO RULE ON DEFENDANT'S MOTION TO COMPEL ARBITRATION, AND VACATING HEARING** |
| UNITED WAY OF THE BAY AREA, | |
| Defendant. | |

**INTRODUCTION**

In this wrongful termination and libel action, plaintiff moves to remand to state court. Concurrently, defendant moves to compel arbitration of plaintiff's libel claim. Plaintiff has shown that removal under 28 U.S.C. 1441(b) was not appropriate because his complaint does not present a substantial federal question. There is an alternate state-law ground for deciding his claim for wrongful termination in violation of public policy, so it is not necessary to determine a question of federal law. Accordingly, plaintiff's motion to remand this action is **GRANTED**. Because of this, this order declines to rule on defendant's motion to compel arbitration of plaintiff's libel claim. Seeing that no further argument is necessary, the hearing on this motion is hereby **VACATED**.

**STATEMENT**

Defendant United Way of the Bay Area is a charitable organization that funds projects dealing with health and human services. Plaintiff George Chen has served in the past as the chief financial officer for two private companies (Compl. ¶ 6). Plaintiff also served as a volunteer member of the United Way's Finance Committee from 1993 through 1999 (McDonnell Decl. ¶ 3). In April 2001, Chen applied for a senior executive position at United Way (*id*. at ¶ 4). On May 9, 2001, he was offered the position of senior vice president and director, finance and administration, reporting to United Way's chief executive officer (*id*. at ¶ 5, Exh. B). Chen signed an offer letter, which included an arbitration provision, on May 16, 2001, without seeking any changes to the text of the agreement (*id*. at ¶ 6).

The letter stated that it was intended to confirm the understanding between Chen and United Way regarding his employment (*id*. at Exh. B). It cautioned "[i]f you believe some important point has been inadvertently omitted, please advise [Letitia Marquez, vice president of human relations] accordingly so that a new agreement can be drafted." Employment was at will, but employees who had completed a 180-day probation period would receive a severance package if they were terminated for reasons other than gross insubordination, serious misconduct, or dishonesty. The letter stated that binding arbitration would be the sole method for resolving disputes between United Way and Chen, and that the agreement would be governed by the Federal Arbitration Act, 9 U.S.C. 1, *et seq*. (*ibid*.). It required that arbitration proceedings be initiated within six months of any incident of which either side complained. The letter also provided that defendant would cover the first $1000 in expenses for any arbitration proceedings. Finally, the letter stated "[r]ead this Agreement carefully before signing it, and consult an attorney, if you desire, since it will be the only agreement between us. If you believe other promises have been made previously, tell us about them before you sign and, if we agree, we will include them" (*ibid*.). The letter bore Chen's signature dated May 16, 2001.

Chen declares that he was presented with an "employment package" on his first day on the job, on or about May 16, 2001 (Chen Decl. ¶¶ 2–3). He declares that the offer letter quoted

2

1  above was part of that package. At the time, United Way's office functions, including human
2  resources had been spun off to a company called PipeVine, Inc. (*id*. at ¶ 4). Chen completed
3  several forms at the time, and declares that the documents "were not presented to me as
4  proposals, but as essential parts of the employment process for every employee" (*id*. at ¶ 5).
5  PipeVine was also responsible for finance and accounting functions at the United Way (*id*. at
6  ¶ 8).

7  During his tenure at United Way, Chen alleged that he identified instances of serious
8  negligence and improper financial management and reporting which caused defendant to
9  undertstate its overhead by a considerable amount (Compl. ¶¶ 9–10). He also alerted
10 management to certain allegedly improper payments made to union officials to and for the
11 benefit of purported employees who did no work for United Way (*id*. at ¶ 11). He also alleged
12 that United Way officials wanted him to sign financial statements that were not completely
13 accurate, but he refused to do so (*id*. at ¶ 12). Chen continued to protest what he perceived to
14 be poor financial decisions that would increase overhead at United Way.

15 Defendant suspended plaintiff on August 1, 2006, based on complaints that he had
16 created a "hostile work environment" (*id*. at ¶ 16). Plaintiff alleged that he was never informed
17 of any such complaints. Without allowing plaintiff to respond to the complaints or accusations,
18 defendant conducted an investigation, then terminated plaintiff on August 26, 2006, allegedly
19 because he had created a hostile and intimidating work environment (*ibid*). Chen alleged that
20 the true reason he was fired was because he refused to go along with negligent and improper
21 financial reporting procedures supported by defendant's management (*id*. at ¶ 17).

22 Chen filed this action for termination in violation of public policy and libel in San
23 Francisco County Superior Court on April 26, 2007. Defendant timely removed to federal
24 court.

25 **ANALYSIS**

26 Plaintiff moves to remand for lack of federal-question jurisdiction. Specifically,
27 plaintiff argues that his action does not present a substantial question of federal law, so it should
28

3

1 be litigated in state court. At the same time, defendant moves to compel arbitration of
2 plaintiff's libel claim.

### 1. MOTION TO REMAND.

Removal under 28 U.S.C. 1441(b) is permitted for actions involving a federal question over which the district court could have exercised original jurisdiction pursuant to 28 U.S.C. 1331. The removing party bears the burden of establishing that removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1990). The removal statutes are strictly construed such that any doubts are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Neither side disputes that both of plaintiff's claims were brought under state law. Defendant, however, contends that plaintiff's first claim for termination in violation of public policy is based on an alleged violation of federal law. In his first claim, plaintiff identified two sources of public policy. First, he alleged that "[i]t is the public policy of California provided for in California Corporations Code § 6812 and elsewhere that charitable non-profit corporations engage in accurate financial reporting and that they handle donor's funds with care and in a manner calculated to achieve the best use of donor's funds" (Compl. ¶ 19). Second, Chen alleged that "[i]t is the public policy of the United States of America that no employer or other person provide payments to unions or union officials except payments for services rendered as an employee" (*id*. at ¶ 20). According to defendants, Chen's second ground for relief presents a federal question.

### A.    Alternative and Independent Theories of Relief.

Federal-question jurisdiction is appropriate when some substantial, disputed question of federal law is a necessary element of one of the plaintiff's well-pleaded state-law claims. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal*., 463 U.S. 1, 13 (1983). "The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). "When a claim can be supported by alternative and independent theories — one of which is a state law theory and one of which is a federal law theory —

4

federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

Although Chen's complaint did not specifically identify a federal statute, in his motion he states that his federal-law theory is based on Section 302 of the Labor Management Relations Act, 29 U.S.C. 186. That section forbids payments to unions or union officials except as payment for services rendered as an employee. Chen's alternate theory is rooted in state law. In pursuing this action, Chen could prevail on either theory — by showing that he was terminated because he complained of improper financial reporting *or* by showing that he was terminated because he complained of payments to unions and union officers — and still get the same relief. Accordingly, only one of his theories requires a determination of federal law, so federal law is not a necessary element of the claim, and remand is appropriate.

Defendant contends at length that resolution of federal questions are still necessary to resolve Chen's first claim. Defendant argues that the claim also implicates Sections 8(a)(2) and 8(b)(6) of the National Labor Relations Act, which make it an unfair labor practice for an employer to give financial or other kinds of support to a union, or to cause an employer to pay or give money or anything of value to a union or union member for services that are never actually performed. 29 U.S.C. 158(a)(2), (b)(6). Chen's claim requires resolution of a federal-law issue, according to defendant, because the first and second public policies Chen identifies are actually two separate claims.

In the complaint, Chen not only pleaded that he had been terminated for opposing payments by United Way to unions and union members for services not actually performed, he also was terminated for objecting to other United Way financial policies. Specifically, Chen alleged that he refused to sign off on financial statements where pension and other liabilities were improperly reported and where management attempted to inflate revenues (Compl. ¶ 10). A factfinder could find for Chen either on the grounds that he opposed improper payments to unions or on the grounds that he opposed improper financial reporting. Either route gets him the same relief. These are not, as defendant contends, separate claims, they are two different theories of recovery.

5

Defendants' attempt to distinguish the authorities plaintiff cited fails. It is true, as defendants note, that the substance of a claim, not its form, controls for the purposes of determining federal-question jurisdiction. *See, e.g. Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194–95 (2d Cir. 2005). Even *Broder*, the decision cited by defendant, recognizes that if a plaintiff can obtain the relief he seeks without prevailing on a separate issue it is not a separate claim. *Ibid*. Such is the case here. Defendants also cite *National Credit Reporting Association, Inc. v. Experian Information Solutions, Inc.*, 2004 WL 1888769, *4–*5 (N.D. Cal. 2004) (Alsup, J). That decision, however, is distinguishable from these facts because the plaintiffs pleaded a claim under California Civil Code Section 17200 that was rooted in the federal antitrust laws. There, the plaintiffs' state-law unfair business practice theories and federal antitrust theories were predicated on the same conduct. Here, Chen's two theories implicate different conduct by United Way.

### B. Substantial Federal Issue.

Defendants also argue that plaintiff's claim raises a substantial federal issue. Where federal questions are involved a defendant can remove an action that could have been brought in federal district court originally. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Even where a plaintiff frames his or her complaint in terms of state law, "federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Ibid*. Such a claim, however, may only be removed to federal court if it meets certain conditions: (1) it must raise a stated federal legal issue; (2) determination of the federal issue must be necessary to resolution of the claim; (3) the federal issue must be actually disputed; (4) the federal issue must be substantial; and (5) the federal court must be able to entertain the claim "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 313–15. If only one of several state claims satisfies the requirements for removal on federal-question grounds, then any other purely state claims in the same complaint may also be determined by the federal court under its supplemental jurisdiction. 28 U.S.C. 1441(c).

6

1    Plaintiff's claim meets the first prong. It raises the stated federal issue of whether
2 payments United Way made to unions and union members were improper and whether Chen
3 was terminated for opposing such payments. On the second prong, determination of the federal
4 issue is not necessary to the resolution of the claim. Chen could still prevail if he shows that he
5 was terminated for his refusal to sign on to United Way's allegedly improper financial
6 statements.

7    As to the third prong, it appears that the propriety of the alleged payments is open to
8 dispute. Turning to the fourth prong, however, it is not clear that this is actually a substantial
9 issue in plaintiff's claim for termination in violation of public policy. California courts have
10 held that it is not necessary for a plaintiff to allege that their termination actually violated a
11 statute itself, it is sufficient that they allege that their termination clearly contravened a public
12 policy as defined by a statute. *See Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 177
13 (1980). The heart of plaintiff's claim is that he was terminated for *his objections* to United
14 Way's policies, *not* the policies themselves. Under *Tameny*, the question of whether United
15 Way's alleged payments to unions and union officials violated federal statutes is not nearly so
16 important as defendants contend. More crucial is whether United Way's firing Chen for
17 opposing the payments contravened the public policy set out in those statutes. Even on his
18 federal-law theory, the issue of whether the payments themselves were actually illegal is
19 secondary. Accordingly, plaintiff's first claim for termination in violation of public policy does
20 not present a substantial federal question, and plaintiff's motion to remand is **GRANTED**.

21    **2.    MOTION TO COMPEL ARBITRATION.**

22    Defendant moves to compel plaintiff to arbitrate his libel claim. Because this order
23 grants plaintiff's motion to remand, it declines to rule on defendant's motion to compel
24 arbitration. This motion should be decided in state court. This is particularly true here where
25 plaintiff argues that the contract to arbitrate is unconscionable, and unconscionability is a matter
26 of state contract law. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).
27 Accordingly, this order declines to rule on defendant's motion to compel arbitration.
28

7

**CONCLUSION**

For all of the above-stated reasons, plaintiff's motion to remand is **GRANTED**, and this order declines to rule on defendant's motion to compel arbitration of the libel claim. No further argument on this matter is necessary. The hearing is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: August 13, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE